IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE:<br><br>BARRY PORTNOY | Chapter 7<br><br>Case No. 14-16081 (MDC) |
|---|---|

**PROPOSED ORDER DENYING TRUSTEE'S MOTION FOR AN
ORDER PURSUANT TO 11 U.S.C. § 721**

AND NOW, this _____ day of _____, 2016, the Court, having considered the Motion of Trustee, Robert H. Holber, Esquire for an Order pursuant To 11 U.S.C. § 721, For Court Authorization to Collect Rents and Write Checks Related to Real Property (the "Motion"), and all Responses to such Motion, the Court is hereby **DENIES** the Motion in all respects.

_____
**Coleman, J.**

FREEMAN MATHIS & GARY, LLP
Attorneys at Law
By:   ROBERT KRANDEL, ESQUIRE
ID No. 89485
1800 John F. Kennedy Blvd
Suite 1500
Philadelphia, PA 19103
Phone: (267) 758-6009
Fax: (267) 239-0050
Email: rkrandel@fmglaw.com
Attorney for Danielle Portnoy and Danielle Portnoy as Trustee of the SamZach Irrevocable Trust

| IN RE: BARRY PORTNOY | IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA<br><br>Chapter 7<br><br>Case No. 14-16081 (MDC) |
|---|---|

### DANIELLE PORTNOY AND DANIELLE PORTNOY, AS TRUSTEE OF THE SAMZACH IRREVOCABLE TRUST'S OPPOSITION TO MOTION OF TRUSTEE, ROBERT H. HOLBER, ESQUIRE, FOR COURT AUTHORIZATION TO COLLECT RENTS AND WRITE CHECKS RELATED TO REAL PROPERTY

Danielle Portnoy, and Danielle Portnoy as Trustee of the SamZach Irrevocable Trust (the Respondents), by and through undersigned counsel, respectfully opposes the Motion of Trustee, Robert H. Holber, Esquire for an Order pursuant To 11 U.S.C. § 721, For Court Authorization To Collect Rents And Write Checks Related to Real Property (the "Motion"), and in opposition to such Motion avers as follows:

### JURISDICTION AND VENUE

1.   Admitted.

### BACKGROUND

1700957_1

2. Admitted.

3. Admitted.

4. Denied. Danielle Portnoy and the Debtor purchased the residential property located at 15 Great Hills, New Hope, PA (the "New Hope Property"), as tenants by the entirety during their marriage. Subsequently, Danielle Portnoy and Debtor executed a property settlement agreement in 2006 pursuant to a divorce action commenced by Danielle Portnoy (the "Property Settlement Agreement") in connection with their pending divorce action. Pursuant to the terms of the Property Settlement Agreement, in November 2011, the Debtor and Danielle Portnoy, as tenants by the entireties, transferred ownership of the New Hope Property to Danielle Portnoy. The transfer by the of the New Hope Property by the Debtor and Danielle Portnoy, as tenants by the entireties, to Danielle Portnoy was not, as a matter of law, a fraudulent conveyance. In fact, there has been no judicial determination of such.

5. Admitted in part, denied in part. It is admitted that the 1320 Property is property of the bankruptcy estate. It is denied the New Hope Property is property of the bankruptcy estate and there has never been a judicial determination that any person or entity other than Danielle Portnoy is the owner of the New Hope Property.

6. Admitted in part, denied in part. It is admitted that the Trustee has engaged a realtor to market and sell the New Hope Property. It is denied that the Trustee is the owner of the New Hope Property or has the authority to sell the New Hope Property.

7. Admitted.

8. Denied. The Trustee failed to take any action with respect to 1320 Property during the two (2) year period following the Petition Date. The SamZach Irrevocable Trust has a valid mortgage against the 1320 Property which has never been determined to be a fraudulent

action in any way. Danielle Portnoy, as the Trustee of the SamZach Irrevocable Trust reasonably believed that the Trustee had abandoned the 1320 Property. As of this writing, the SamZach Irrevocable Trust maintains its mortgage interest in the 1320 Property.

9. The allegations contained in this paragraph reference a document which speaks for itself. To the extent that any facts are set forth herein, those facts are denied.

10. Denied. The 1320 Property and the New Hope Property are completely unrelated and have completely different owners. Further, the 1320 Property is encumbered by a valid first mortgage lien in favor of the SamZach Irrevocable Trust and the rents from the 1320 Property are the mortgagee's cash collateral. There is no legal basis for the rents from the 1320 Property to be diverted to pay expenses of the New Hope Property which does not have any equity in it. The SamZach Irrevocable Trust maintains its mortgage interest in the 1320 Property which has never been invalidated by this or any other Court.

## RELIEF REQUESTED BY TRUSTEE

11. This paragraph is a conclusion of law to which no response is required.

12. The Trustee failed to take any action with respect 1320 Property for over two (2) years, thereby effectively abandoning the 1320 Property and foreclosing the Trustee from currently taking any action with respect to the 1320 Property. Further, the Trustee's proposed actions would divert the first mortgagee's collateral on the 1320 Property, in order to pay expenses on the New Hope Property which has no equity in it and which the Trustee is not the owner of. The Trustee's proposed action will be to the detriment of the estate's creditors.

## TRUSTEE'S ASSERTED BASIS FOR RELIEF

13. This paragraph is a conclusion of law to which no response is required.

14. The allegations in this paragraph constitute a request for relief to which no response is required. To the extent a response is required, the paragraph is expressly denied.

WHEREFORE, Movant's Motion should be denied.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

Date: August 16, 2016

*/s/ Robert Krandel*
ROBERT KRANDEL, ESQUIRE
Attorneys for Danielle Portnoy and Danielle Portnoy as Trustee of the SamZach Irrevocable Trust