### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 7 |
| | : |
| Barry Portnoy | : BANKRUPTCY NO. 14-16081-mdc |
| | : |
| Debtor. | : |

### VERIFIED STATEMENT OF JOHN E. KASKEY, ESQUIRE, PURSUANT TO §§ 329 AND 504 OF THE BANKRUPTCY CODE, AND DISCLOSURE PURSUANT TO FED.R.BANKR.P. 2014(a) AND 2016(b)

JOHN E. KASKEY of full age, being duly sworn according to law, upon his oath, deposes and states:

1. I am an attorney-at-law in the Commonwealth of Pennsylvania and a shareholder of Braverman Kaskey P.C. ("BK"). I submit this Verified Statement pursuant to §§ 327, 329 and 504 of the Bankruptcy Code and Fed.R.Bankr.P. 2014(a) and 2016(b). BK is the attorney for the above named Debtor.

2. BK has agreed to render legal services to the Debtor for all aspects of the bankruptcy case which may be necessary or appropriate.

3. The Debtors paid BK the sum of $10,000 as an advance payment retainer which has been deposited into BK's IOLTA account. BK was not owed any money from the Debtor prior to BK's engagement and prior to its engagement in this case, BK had not rendered any services to the Debtor.

4. BK will be compensated for the services rendered at its ordinary billing rates and in accordance with its customary billing practices with respect to its out-of-pocket expenses. Attached hereto as Exhibit "A" is a list of all Braverman Kaskey PC attorneys and legal assistants, accompanied by their normal and usual hourly billing rates.

5. Neither I, BK nor any shareholder or associate of BK has any connection with the Debtor, his creditors or any other party in interest.

6. BK does not hold nor represent any interests adverse to the Debtor, his creditors or estates in these matters, and is a disinterested person within the meaning of 11 U.S.C. § 101(14) in that BK, its shareholders, counsel and associates, are not creditors, equity security holders or insiders of the Debtor, do not have an interest materially adverse to the interest of the estate or of any class of creditors, by reason of any direct or indirect relationship to, connection with the Debtor, or for any other reason.

7. Pursuant to § 504 of the Bankruptcy Code, no agreement or understanding exists between BK or any other person to share any compensation or reimbursement of expenses to be paid to BK in this proceeding.

8. To the best of my knowledge at this time, BK has no connection with the Debtor, his creditors or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

I hereby declare that the statements set forth herein are true and that, if any of the statements are willfully false, I am subject to punishment.

              BRAVERMAN KASKEY PC


              BY: */s/ John E Kaskey*
                 JOHN E. KASKEY, ESQUIRE

Date: August 26, 2016

EXHIBIT "A"

| | |
|---|---|
| Braverman, David L. | $585.00 |
| Braverman, Helen M. | $485.00 |
| Garber, Benjamin A. | $350.00 |
| Hendershot, James N. | $260.00 |
| Kaplan, Joshua B. | $340.00 |
| Kaskey, John E. | $585.00 |
| Leyh, Peter J. | $425.00 |
| Sine, Joseph L. | $260.00 |
| Belle, Dorien<br>Paralegal | $105.00 |
| Marano, Domenic J.<br>Paralegal | $105.00 |
| Legal Research:<br>Lexis or Westlaw | $235.00 |