IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 7 |
| BARRY PORTNOY, | ) |
| | ) |
| Debtor. | ) Case No. 14-16081-mdc |
| | ) |

**ORDER**

      AND NOW, this _____ day of _____, 2016, upon consideration of the Debtor's Motion to Compel Access to 1320 Industrial Boulevard (the "1320 Property") to Remove Non-Estate Property and for an Accounting (the "Motion to Compel"), the Trustee's Response thereto, and following a duly noticed hearing at which interested parties appeared and were heard by the Court, and GOOD CAUSE APPEARING THEREFOR,

      IT IS HEREBY ORDERED that the Motion to Compel is GRANTED, in part, and that, consistent with the Court's comments on the record, the parties shall follow the procedures contained in this Order to enable the Debtor and non-Debtor third parties to remove their personal property from the 1320 Property, including items outside the building but still on the premises, as follows:

1. Within three (3) days from the date of entry of this Order,

    (a) the Debtor shall identify all non-Debtor third parties that own or control personal property located at the 1320 Property, serve such identification upon the Trustee, and immediately provide a copy of this Order to each such non-Debtor third party; and

    (b) identify the Debtor's customers for whom the Debtor is holding personal property and which is located at the 1320 Property, and serve such identification upon the Trustee. The Debtor's obligation to identify the names of its customers to the Trustee is expressly conditioned upon the Debtor's prior execution of a confidentiality agreement in form and in substance satisfactory to the Debtor to insure that the Debtor's post-petition business operates without interference. The Trustee and its counsel shall not contact any of the Debtor's customers without further leave of court.

2. Commencing on November 1, 2016 and such other dates as mutually agreed, the Debtor and the non-Debtor third parties identified pursuant to Paragraph 1(a) hereof shall be permitted access to the 1320 Property, under the Trustee's supervision, in order to identify any and all personal property owned by the Debtor and/or the non-Debtor third parties and/or of which they are a custodian. Any non-Debtor third party owning or having custody of any personal property located in the 1320 Property may authorize the Debtor, in writing, to remove the non-Debtor third party's personal property from the 1320 Property on its or their behalf.

3. The Trustee and his professionals shall, on the date and time that access is given, review the Debtor and the non-Debtor third parties' identification (then and there) and designate in good faith all items of personal property that may be removed from the 1320 Property.

4. The Debtor and/or the non-Debtor third parties shall thereupon be permitted to remove such personal property provided that the Debtor and/or the non-Debtor third parties execute and deliver to the Trustee a release relating to the personal property that may be removed on the form provided by the Trustee in its opposition to the Motion to Compel (the "Released Personal Property"). The Released Personal Property shall be removed from the 1320 Property on or before Noon on November 11, 2016, or said Released Personal Property shall be deemed abandoned to the Trustee.

5. To the extent the Trustee does not agree with the Released Personal Property designations by the Debtor and the non-Debtor third parties, the Trustee shall safeguard such personal property and the party seeking recovery of such items may seek a judicial determination from this Court as to its entitlement to such personal property at the continued hearing on this matter, scheduled for November 15, 2016.

6. The Trustee shall return to the Debtor, all of the Debtor's computers and hard drives located at the 1320 Property (the "Computers"). The Trustee's counsel shall maintain is his possession the copies or images of such computer and/or hard drives previously made by the Trustee or his professionals (the "Existing Images/Copies"). The Trustee and his professionals shall not further review any copies the Existing Images/Copies, without the written consent of the Debtor or as permitted pursuant to an Order of the Court. By November 28, 2016, the Debtor shall prepare and provide to the Trustee: (a) an identification of the information on the computers and the hard drives pertaining to the Debtor's estate; (b) an identification of the information on the computers and the hard drives that the Debtor asserts does not pertain to the Debtor's estate; and (c) a privilege log within the meaning of Fed. R. Civ. P. 26(b)(5)(A), for any documents or data on the computers and hard drives of all items that the Debtor believes are subject to the attorney/client or any other applicable privilege. In the event that the Trustee believes he is entitled to review any information on the computers and the hard drives that the Debtor asserts does not pertain to the Debtor's estate and/or is listed on the privilege log delivered by the Debtor to the Trustee pursuant to this Section 6 (each a "Disputed Item" and collectively the "Disputed Items"), the Trustee may ask for in camera review or for a court determination of whether the Trustee is entitled to receive/review the Disputed Items. The Trustee's counsel and Debtor's counsel will jointly modify a version of the Existing Images/Copies so that the Trustee will have full access to all undisputed items thereon. In the event there are any Disputed Items, the Trustee's counsel and Debtor's counsel will jointly modify a copy or image of the Computers

consistent with the Court's ruling on the Disputed Items, so that the Trustee and his professionals will have full access to all items the Court determines the Trustee is entitled to receive/review, and the Trustee will return the Existing Images/Copies to the Debtor.

BY THE COURT:

Dated:                                        _____
                                                   MAGDELINE D. COLEMAN
                                                   UNITED STATES BANKRUPTCY JUDGE