United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                              Case No. 14-16081-mdc
Barry Portnoy                                                       Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2           User: ChrissyW              Page 1 of 2              Date Rcvd: Nov 04, 2016
                               Form ID: pdf900             Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 06, 2016.
db             +Barry Portnoy,   101 Edwards Drive,   Richboro, PA 18966-1174

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                             TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 06, 2016                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 4, 2016 at the address(es) listed below:
              ANDREW F GORNALL    on behalf of Creditor    M&T BANK agornall@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              DAVID B. SMITH    on behalf of Attorney    SMITH KANE HOLMAN, LLC dsmith@smithkanelaw.com
              DAVID L. BRAVERMAN    on behalf of Debtor Barry   Portnoy dbraver@braverlaw.com,
               dmarano@braverlaw.com;dmayfield@braverlaw.com;belle@braverlaw.com;gollotto@braverlaw.com;sine@braverlaw.com
              DAVID L. BRAVERMAN    on behalf of Defendant Barry    Portnoy dbraver@braverlaw.com,
               dmarano@braverlaw.com;dmayfield@braverlaw.com;belle@braverlaw.com;gollotto@braverlaw.com;sine@braverlaw.com
              GAETAN J. ALFANO    on behalf of Attorney Michael E. Carson, Esquire GJA@Pietragallo.com
              GAETAN J. ALFANO    on behalf of Creditor Michael   Carson GJA@Pietragallo.com
              GARY DAVID BRESSLER    on behalf of Interested Party    Bonnie B. Finkel, Chapter 7 Trustee of the
               bankruptcy estate of Demrex Industrial Services, Inc. gbressler@mdmc-law.com,
               kdeans@mdmc-law.com;sshidner@mdmc-law.com;smullen@mdmc-law.com;jangelo@mdmc-law.com
              GARY F SEITZ    on behalf of Trustee ROBERT H. HOLBER gseitz@gsbblaw.com,   hsmith@gsbblaw.com
              GARY F SEITZ    on behalf of Plaintiff Robert H. Holber gseitz@gsbblaw.com,   hsmith@gsbblaw.com
              GILBERT B. WEISMAN    on behalf of Creditor    American Express Bank FSB notices@becket-lee.com
              HOLLY ELIZABETH SMITH    on behalf of Trustee ROBERT H. HOLBER hsmith@gsbblaw.com
              HOLLY ELIZABETH SMITH    on behalf of Plaintiff Robert H. Holber hsmith@gsbblaw.com
              JASON BRETT SCHWARTZ    on behalf of Creditor    The Bank of New York Mellon
               jschwartz@mesterschwartz.com,   jottinger@mesterschwartz.com
              JEFFREY   KURTZMAN    on behalf of Defendant Samantha    Portnoy Kurtzman@kurtzmansteady.com
              JEFFREY   KURTZMAN    on behalf of Defendant    Altchem Environmental Services, Inc.
               Kurtzman@kurtzmansteady.com
              JEFFREY   KURTZMAN    on behalf of Defendant    Samzach Partners, L.P. Kurtzman@kurtzmansteady.com
              JEFFREY   KURTZMAN    on behalf of Defendant    BF Services, L.P. Kurtzman@kurtzmansteady.com
              JEFFREY   KURTZMAN    on behalf of Defendant    Sam-Zachary Partners, LLC Kurtzman@kurtzmansteady.com
              JEFFREY   KURTZMAN    on behalf of Interpleader Danielle   Portnoy Kurtzman@kurtzmansteady.com
              JEFFREY   KURTZMAN    on behalf of Interpleader    SamZach Irrevocable Trust
               Kurtzman@kurtzmansteady.com
              JEFFREY   KURTZMAN    on behalf of Defendant Zachary   Portnoy Kurtzman@kurtzmansteady.com
              JEFFREY   KURTZMAN    on behalf of Defendant    Maxsys, Inc. Kurtzman@kurtzmansteady.com
              JEFFREY   KURTZMAN    on behalf of Defendant Danielle   Portnoy Kurtzman@kurtzmansteady.com
              JEROME B. BLANK    on behalf of Creditor    Wilmington Savings Fund Society, et. al. paeb@fedphe.com
              JOHN E. KASKEY    on behalf of Defendant Barry   Portnoy Jkaskey@braverlaw.com,
               dmarano@braverlaw.com;gollotto@braverlaw.com;belle@braverlaw.com;sine@braverlaw.com
              JOHN E. KASKEY    on behalf of Debtor Barry   Portnoy Jkaskey@braverlaw.com,
               dmarano@braverlaw.com;gollotto@braverlaw.com;belle@braverlaw.com;sine@braverlaw.com
              JOHN E. KASKEY    on behalf of Attorney    Braverman Kaskey PC Jkaskey@braverlaw.com,
               dmarano@braverlaw.com;gollotto@braverlaw.com;belle@braverlaw.com;sine@braverlaw.com
              JON M. ADELSTEIN    on behalf of Attorney    Adelstein & Kaliner, LLC
               jadelstein@adelsteinkaliner.com,   jsbamford@adelsteinkaliner.com

Case 14-16081-mdc    Doc 399    Filed 11/06/16    Entered 11/07/16 00:02:32    Desc
Imaged Certificate of Notice    Page 2 of 5

```
District/off: 0313-2          User: ChrissyW            Page 2 of 2           Date Rcvd: Nov 04, 2016
                              Form ID: pdf900           Total Noticed: 1
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

```
              JON M. ADELSTEIN    on behalf of Attorney Michael E. Carson, Esquire
               jadelstein@adelsteinkaliner.com, jsbamford@adelsteinkaliner.com
              JONATHAN W. HUGG    on behalf of Plaintiff    Republic First Bank, d/b/a Republic Bank
               jhugg@clarkhill.com, sradcliff@clarkhill.com;aporter@clarkhill.com;
              JONATHAN W. HUGG    on behalf of Creditor    Republic First Bank d/b/a Republic Bank
               jhugg@clarkhill.com, sradcliff@clarkhill.com;aporter@clarkhill.com;
              JOSEPH ANGEO DESSOYE    on behalf of Creditor    Wilmington Savings Fund Society, et. al.
               paeb@fedphe.com
              JOSHUA B. KAPLAN    on behalf of Debtor Barry  Portnoy kaplan@braverlaw.com,
               powell@braverlaw.com;belle@braverlaw.com;marano@braverlaw.com
              JOSHUA B. KAPLAN    on behalf of Defendant Barry  Portnoy kaplan@braverlaw.com,
               powell@braverlaw.com;belle@braverlaw.com;marano@braverlaw.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              KATHERINE  KAKISH    on behalf of Creditor    State of Michigan, Department of Treasury
               kakishk@michigan.gov
              KEVIN P. CALLAHAN    on behalf of Plaintiff Andrew R. Vara kevin.p.callahan@usdoj.gov
              KEVIN P. CALLAHAN    on behalf of U.S. Trustee    United States Trustee kevin.p.callahan@usdoj.gov
              KEVIN P. CALLAHAN    on behalf of  Andrew R. Vara kevin.p.callahan@usdoj.gov
              LYNDSAY ELIZABETH ROWLAND    on behalf of Creditor    Wells Fargo Equipment Finance, Inc.
               lrowland@starfieldsmith.com, lmstarkman@flammlaw.com
              MARIO J. HANYON    on behalf of Creditor    Wilmington Savings Fund Society, et. al. paeb@fedphe.com
              MATTHEW R. SKOLNIK    on behalf of Creditor    Wilentz, Goldman & Spitzer P.A. mskolnik@wilentz.com,
               jmcbride@wilentz.com;lcasey@wilentz.com;dbernheim@wilentz.com
              MICHAEL H. KALINER    on behalf of Attorney    Adelstein & Kaliner, LLC mhkaliner@gmail.com
              REBECCA  PRICE    on behalf of Creditor    Bank of the West rprice@thslaw.com
              ROBERT H. HOLBER    trustee@holber.com, rholber@ecf.epiqsystems.com
              ROBERT H. HOLBER    on behalf of Trustee ROBERT H. HOLBER trustee@holber.com,
               rholber@ecf.epiqsystems.com
              ROBERT J. KRANDEL    on behalf of Interpleader Danielle  Portnoy rkrandel@fmglaw.com,
               mgood@fmglaw.com;biacono@fmglaw.com
              SARAH R. GOODMAN    on behalf of Creditor Michael  Carson SRG@Pietragallo.com, BLR@Pietragallo.com
              STEFAN  RICHTER    on behalf of Creditor    Southampton Industrial Mews Condominium Association
               srichter@clemonslaw.com
              STEVEN E. OSTROW    on behalf of Interested Party    EVC Turnpike Dr., LLC
               ostrows@whiteandwilliams.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                             TOTAL: 51
```

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | )  |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| BARRY PORTNOY, | ) |
| | ) |
| Debtor. | ) Case No. 14-16081-mdc |
| | ) |

**ORDER**

     AND NOW, this  3rd  day of  November , 2016, upon consideration of the Debtor's Motion to Compel Access to 1320 Industrial Boulevard (the "1320 Property") to Remove Non-Estate Property and for an Accounting (the "Motion to Compel"), the Trustee's Response thereto, and following a duly noticed hearing at which interested parties appeared and were heard by the Court, and GOOD CAUSE APPEARING THEREFOR,

     IT IS HEREBY ORDERED that the Motion to Compel is GRANTED, in part, and that, consistent with the Court's comments on the record, the parties shall follow the procedures contained in this Order to enable the Debtor and non-Debtor third parties to remove their personal property from the 1320 Property, including items outside the building but still on the premises, as follows:

     1.     Within three (3) days from the date of entry of this Order,

          (a)     the Debtor shall identify all non-Debtor third parties that own or control personal property located at the 1320 Property, serve such identification upon the Trustee, and immediately provide a copy of this Order to each such non-Debtor third party; and

          (b)     identify the Debtor's customers for whom the Debtor is holding personal property and which is located at the 1320 Property, and serve such identification upon the Trustee.  The Debtor's obligation to identify the names of its customers to the Trustee is expressly conditioned upon the Debtor's prior execution of a confidentiality agreement in form and in substance satisfactory to the Debtor to insure that the Debtor's post-petition business operates without interference.  The Trustee and its counsel shall not contact any of the Debtor's customers without further leave of court.

2. Commencing on November 1, 2016 and such other dates as mutually agreed, the Debtor and the non-Debtor third parties identified pursuant to Paragraph 1(a) hereof shall be permitted access to the 1320 Property, under the Trustee's supervision, in order to identify any and all personal property owned by the Debtor and/or the non-Debtor third parties and/or of which they are a custodian. Any non-Debtor third party owning or having custody of any personal property located in the 1320 Property may authorize the Debtor, in writing, to remove the non-Debtor third party's personal property from the 1320 Property on its or their behalf.

3. The Trustee and his professionals shall, on the date and time that access is given, review the Debtor and the non-Debtor third parties' identification (then and there) and designate in good faith all items of personal property that may be removed from the 1320 Property.

4. The Debtor and/or the non-Debtor third parties shall thereupon be permitted to remove such personal property provided that the Debtor and/or the non-Debtor third parties execute and deliver to the Trustee a release relating to the personal property that may be removed on the form provided by the Trustee in its opposition to the Motion to Compel (the "Released Personal Property"). The Released Personal Property shall be removed from the 1320 Property on or before 5:00 p.m. on November 15, 2016, or said Released Personal Property shall be deemed abandoned to the Trustee.

5. To the extent the Trustee does not agree with the Released Personal Property designations by the Debtor and the non-Debtor third parties, the Trustee shall safeguard such personal property and the party seeking recovery of such items may seek a judicial determination from this Court as to its entitlement to such personal property at the continued hearing on this matter, scheduled for November 30, 2016.

6. The Trustee shall return to the Debtor, all of the Debtor's computers and hard drives located at the 1320 Property (the "Computers"). The Trustee's counsel shall maintain is his possession the copies or images of such computer and/or hard drives previously made by the Trustee or his professionals (the "Existing Images/Copies"). The Trustee and his professionals shall not further review any copies the Existing Images/Copies, without the written consent of the Debtor or as permitted pursuant to an Order of the Court. By December 9, 2016, the Debtor shall prepare and provide to the Trustee: (a) an identification of the information on the computers and the hard drives pertaining to the Debtor's estate; (b) an identification of the information on the computers and the hard drives that the Debtor asserts does not pertain to the Debtor's estate; and (c) a privilege log within the meaning of Fed. R. Civ. P. 26(b)(5)(A), for any documents or data on the computers and hard drives of all items that the Debtor believes are subject to the attorney/client or any other applicable privilege. In the event that the Trustee believes he is entitled to review any information on the computers and the hard drives that the Debtor asserts does not pertain to the Debtor's estate and/or is listed on the privilege log delivered by the Debtor to the Trustee pursuant to this Section 6 (each a "Disputed Item" and collectively the "Disputed Items"), the Trustee may ask for in camera review or for a court determination of whether the Trustee is entitled to receive/review the Disputed Items. The Trustee's counsel and Debtor's counsel will jointly modify a version of the Existing Images/Copies so that the Trustee will have full access to all undisputed items thereon. In the event there are any Disputed Items, the Trustee's counsel and Debtor's counsel will jointly modify a copy or image of the Computers

consistent with the Court's ruling on the Disputed Items, so that the Trustee and his professionals will have full access to all items the Court determines the Trustee is entitled to receive/review, and the Trustee will return the Existing Images/Copies to the Debtor.

BY THE COURT:

Dated: 11/3/16

MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE