IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| : | CHAPTER 7 |
| : | |
| Barry Portnoy : | BANKRUPTCY NO. 14-16081-mdc |
| : | |
| Debtor. : | |
| : | |

**BRIEF IN OPPOSITION TO MOTION OF TRUSTEE, ROBERT H. HOLBER,
ESQUIRE, FOR MOTION TO APPROVE AGREEMENT BY AND BETWEEN THE
TRUSTEE AND REPUBLIC BANK TO JOINTLY PURSUE AND ALLOCATE FUNDS
<u>RECOVERED IN CONNECTION WITH CLAIMS</u>**

Barry Portnoy (the "Debtor"), by and through undersigned counsel, Braverman Kaskey P.C., respectfully submits this brief in connection with the Debtor's opposition to the Motion (the "Motion") of Trustee, Robert H. Holber, Esquire ("Trustee") for an Order pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019, approving the Agreement by and between the Trustee and Republic First Bank ("Republic") to Jointly Pursue and Allocate Funds Recovered in Connection with Claims.

**I.     INTRODUCTION**

In the Motion, the Trustee seeks an order from the Court approving an agreement by and between the Trustee and Republic (the "Agreement") to jointly pursue and allocate funds recovered in connection with "claims".

The Motion provides that the "claims" will be divided into three categories:

    *(1)*    ***Solely Trustee Claims*** *defined as causes of action available only under the Bankruptcy Code (i.e., causes of action for avoidance of transfers and turnover of money under 11 U.S.C. §§547-549.*

    *(2)*    ***Overlapping Claims*** *defined as causes of action available to creditors outside of bankruptcy but also available to the Trustee in the bankruptcy proceeding (i.e., pre-petition fraudulent transfer claims under state law).*

>   *(3)*   ***Solely Republic Claims*** *defined as causes of action available only to creditors even if a bankruptcy is filed (i.e., common law claims for damages and execution on judgments against non-Debtor defendants).*

The Motion further provides that:

>   (1)   from any recovery realized from the Solely Trustee Claims, seventy percent (70%) of the net amount of such recovery will be retained by the Estate and Republic will be entitled to apply the remaining thirty percent (30%) to its proof of claim.
>
>   (2)   From any recovery realized from the Overlapping Claims, fifty percent (50%) of the net amount of such recovery will be retained by the Estate and Republic will be entitled to apply the remaining fifty percent (50%) to its proof of claim.
>
>   (3)   From any recovery realized from the Solely Republic Claims, thirty percent (30%) of the net amount of such recovery will be retained by the Estate and Republic will be entitled to apply the remaining seventy percent (70%) to its proof of claim.

At the December 20, 2016 hearing on the Motion, the Debtor's counsel noted that Republic is an unsecured creditor of the Debtor and objected to the Trustee's attempt in the Motion to provide Republic with receipt of 30% of claims owned solely by the Trustee and 50% of the claims which the Motion defines as Overlapping Claims but which are also actually claims owned solely by the Trustee (i.e., pre-petition fraudulent transfer claims under state law), which would result Republic receiving a huge preferential payment vis a vis the Debtor's other unsecured creditors, as well as enable Republic to receive payments at the expense of creditors holding priority claims, in direct contravention to the mandates of the Bankruptcy Code.

## II.   **FACTUAL BACKGROUND**

On July 30, 2014 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

On July 31, 2014, Robert H. Holber was appointed the Chapter 7 Trustee by the United States Trustee.

Prior to the Petition Date, Republic commenced an action (Civil Action No. 2014-03792) against the various individuals and entities affiliated (the "Defendants") with and related to the Debtor, in the Pennsylvania Court of Common Pleas for Bucks County, alleging, *inter alia*, that the Debtor had allegedly made transfers to the defendants in violation of the Pennsylvania Uniform Fraudulent Transfer Act (the "Republic State Court Litigation").

On July 29, 2016, the Trustee commenced an adversary proceeding No. 16-00248 (the "Trustee Adversary Action") against the Debtor and the Defendants, alleging both bankruptcy and non-bankruptcy causes of action, including alleged transfers to the Defendants in violation of the Pennsylvania Uniform Fraudulent Transfer Act.  The causes of action contained in the Trustee Adversary Action are virtually identical to the causes of action contained in the Republic State Court Litigation, including the alleged transfers to the Defendants in violation of the Pennsylvania Uniform Fraudulent Transfer Act.

On November 11, 2016, the Trustee filed a Notice of Removal by Consent, pursuant to which the Trustee removed the Republic State Court Litigation to the United States District Court for the Eastern District of Pennsylvania.  The removed action was docketed as Adversary Case No. 16-00409 (the "Removed Action").

On December 20, 2016, the Court entered an Order, which, inter alia, consolidated the Removed Action with the Trustee Adversary Action.

### III. QUESTION PRESENTED

Are the alleged state court pre-petition fraudulent transfer claims owned solely by the Trustee or does Republic have the independent right to prosecute its alleged state court

3

fraudulent conveyance claims separate and apart from the Trustee's prosecution of the identical claims in Trustee Adversary Action?

### III.  ARGUMENT

(a)  <u>Only the Trustee Has Power to Prosecute 11 U.S.C.S. § 544(b) Claims</u>

Although courts may permit individual creditors to bring a fraudulent transfer action derivatively on behalf of the estate, creditors have no ability or standing to prosecute such an action in their own right and for their own benefit, even if they would have had standing to do so outside of bankruptcy. See 5-548 Collier on Bankruptcy P 548.02 (16th 2016)

The United States Court of Appeals for the Third Circuit, in In *Haskell v. Bruno's, Inc. (In re PWS Holding Corp.)*, 303 F.3d 308, held that:

> The 11 U.S.C.S. § 544(b) provides that, upon commencement of a case under the Bankruptcy Code, a trustee or debtor in possession may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under the Bankruptcy Code. **In other words, 11 U.S.C.S. § 544(b) places the debtor in possession in the shoes of its creditors, giving it the right to prosecute individual creditors' fraudulent transfer claims for the benefit of the bankruptcy estate**. That provision of the Bankruptcy Code is consistent with its objective of equitable distribution. See *N.L.R.B. v. Martin Arsham Sewing Co.*, 873 F.2d 884, 888 (6th Cir. 1989) (**noting that "to allow a creditor of the bankrupt to pursue his remedy against third parties on a fraudulent transfer theory would undermine the Bankruptcy Code policy of equitable distribution by allowing the creditor 'to push its way to the front of the line of creditors'"** (quoting *In re Cent. Heating & Air Conditioning, Inc.*, 64 B.R. 733, 737 (N.D. Ohio 1986)); see also *Moore v. Bay*, 284 U.S. 4, 5, 76 L. Ed. 133, 52 S. Ct. 3 (1931) (observing that what is recovered for benefit of bankrupt's estate is to be distributed in equal parts among allowed unsecured claims that lack priority).

See Haskell at 313-4 (emphasis added).

In *In re Cybergenics Corp.*, 226 F.3d 237 (3rd Cir. 2000), the Third Circuit Court of Appeals denied a creditor the right to pursue a fraudulent conveyance action on his own behalf against the Debtor and held that only the trustee was empowered to pursue fraudulent transfer

4

claims for the benefit of all creditors." Id. at 245. Further, the Third Circuit Court of Appeals in *Buncher Co. v. Official Comm. Of Unsecured Creditors of Genfarm Ltd. P'ship IV*, 229 F.3d 245, 250 (3d Cir. 2000) held that it is well settled that a recovery under *§ 544(b)(1)* inures to the benefit of all unsecured creditors, including those who individually had no right to avoid the debtor's pre-bankruptcy transfers or obligations. See also *Kaliner v. MDC Sys. Corp., LLC*, 2011 U.S. Dist. LEXIS 5377.

    (b)    <u>Trustee's Misplaced Reliance on Gronczewski and Rosenblum Decisions</u>

At the December 20, 2016 hearing, the Trustee's counsel cited *In re Gronczewski,* 444 B.R. 526 (Bankr. E.D. Pa. 2011) and *In re Rosenblum*, 545 B.R. 846 (Bankr. E.D. Pa. 2016) for the proposition that a creditor was free to pursue a state court fraudulent conveyance action which was simultaneously being pursued by a Chapter 7 trustee. The Trustee's reliance on such cases is completely misplaced as each of those decisions not only does not support the Trustee's position, but actually refute the Trustee's position.

In *Gronczewski*, the Debtor requested that the Court enjoin a creditor from prosecuting state court fraudulent conveyance claims against third parties as a violation of the automatic stay under 11 U.S.C.S. §§ 362(a)(1) and 362(a)(3). While Judge Frank ultimately found that the creditor's prosecution of the state court fraudulent conveyance action did not constitute a violation of the automatic stay, he also ruled that:

> While various rationales have been offered by different courts, there is a judicial consensus that the Bankruptcy Code provides that after the commencement of a bankruptcy case, only the bankruptcy trustee may bring an action to avoid a preference or to set aside a pre- petition fraudulent transfer made by the bankruptcy debtor. "**[T]he commencement of bankruptcy gives the trustee the right to pursue fraudulently conveyed assets to the <u>exclusion of all creditors</u>**." *Klingman v. Levinson*, 158 B.R. 109, 113 (N.D. Ill. 1993); accord *Constitution Bank v. DiMarco*, 155 B.R. 913, 917-18 (E.D. Pa. 1993); *In re Ryan*, 2008 Bankr. LEXIS 2968, 2008 WL 4829947, at *3 (Bankr. N.D. Cal. Oct. 29, 2008); *In re Integrated Agri, Inc.*, 313 B.R. 419, 427 (Bankr. C.D. Ill. 2004); *Matter of*

5

Content:

> *Daniele Laundries, Inc.*, 40 B.R. 404, 407-08 (Bankr. S.D.N.Y. 1984). 7 The exclusive right of the bankruptcy trustee to assert such claims may even provide a defense to the defendants in the fraudulent transfer action. See *DiMarco*, 155 B.R. at 918 (due to transferor's bankruptcy filing, plaintiffs lack standing to prosecute fraudulent transfer claim against transferees).

See *Gronczewski* at 533-34 (emphasis added).

Accordingly, *Gronczewski* not only does not support the Trustee's position, but directly refutes it and makes it clear that only the Trustee has the ability to prosecute the state based fraudulent conveyance claims to the exclusions of all the Debtor's creditors, including, but not limited to Republic.

In *Rosenblum* judge Chan also considered the issue of whether a trustee had exclusive standing to file an avoidance action under 11 U.S.C.S. § 544(b) to avoid state based fraudulent conveyance claims or whether an unsecured creditor could simultaneously prosecute such a claim for its own behalf. After a thorough recitation of the Court's exclusive and concurrent jurisdiction, Judge Chan specifically ruled that:

> The Third Circuit has explicitly held that the phrase "the trustee may" at the beginning of *§544(b)* **cannot be read to mean "the trustee and other parties in interest may**." *Official Comm, of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery,* 330 F.3d 548, 559 (3d Cir. 2003) [hereinafter *Cybergenics II*]. In that case, the court characterized the trustee as "a gatekeeper [who] prevents independent avoidance actions by creditors that might prejudice the estate and rival creditors." Id. at 568; *see also In re MortgageAmerica Corp.,* 714 F.2d 1266, 1275 (5th Cir. 1983) (*section 544(b)* "**allows the bankruptcy trustee to step into the shoes of a creditor for the purpose of asserting causes of action under state fraudulent conveyance acts for the benefit of all creditors, not just those who win a race to judgment**"); *In re Polichuk,* 506 B.R. 405, 431 (Bankr. E.D. Pa. 2014) (stating that a trustee's *§ 544(b)* powers allow him to "assemble a bankruptcy estate for the benefit of all creditors"). To permit a creditor to raise a fraudulent transfer claim after a bankruptcy case has commenced would "permit [the creditor] to effectively circumvent the bankruptcy code's policy and the protections to be afforded by it to the [debtor's] other creditors." *Constitution Bank v. DiMarco,* 155 B.R. 913, 918 (E.D. Pa. 1993) (citing *In re Pointer,* 952 F.2d 82, 87-88 (5th Cir. 1992)).

See *Rosenblum* at 856-7 (emphasis added).

Judge Chan further ruled that:

> Based upon the foregoing, **the Trustee has exclusive standing to file avoidance actions under § 544(b) to avoid fraudulent transfers under both federal and state law,** and Plaintiffs did not have standing to file the State Litigation because the Trustee's exclusive standing to file such claims had not yet expired.

See *Rosenblum* at 857 (emphasis added).

Accordingly, *Rosenblum* not only does not support the Trustee's position, but directly refutes it and makes it clear that only the Trustee has the ability to prosecute the state based fraudulent conveyance claims to the exclusions of all the Debtor's creditors, including, but not limited to Republic.

### IV.    CONCLUSION

For the foregoing reasons, any pre-petition fraudulent transfer claims under state law state (i.e. Section 544(b) claims) belong exclusively to the Trustee and Republic has no standing to independently pursue such causes of action. As such, the Trustee's and Republic's attempt to characterize such claims as "Overlapping Claims" is meritless and the Motion should be denied since granting it would result Republic receiving a huge preferential payment vis a vis the

Debtor's other unsecured creditors, as well as enable Republic to receive payments at the expense of creditors holding priority claims, in direct contravention to the mandates of the Bankruptcy Code.

                    Respectfully submitted,

                    **BRAVERMAN KASKEY, P.C.**

                By: */s/John E. Kaskey*
                    John E. Kaskey, Esq.
                    One Liberty Place, 56th Floor
                    1650 Market Street
                    Philadelphia, Pennsylvania 19103
                    Ph: (215) 575-3800
                    Fax: (215) 575-3801
                    jkaskey@braverlaw.com
                    *Attorneys for Barry Portnoy*

Dated: January 6, 2017