## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARRY PORTNOY,** | : | |
| | : | |
| **Plaintiff,** | : | **17    1157** |
| | : | |
| **v.** | : | |
| | : | **CASE NO.** _____ |
| **JONATHAN HUGG, ESQ. and** | : | |
| **REPUBLIC FIRST BANK d/b/a** | : | |
| **REPUBLIC BANK,** | : | |
| | : | |
| **Defendants.** | : | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, as well as 28 U.S.C. §§ 157, 1334, and 1452, Defendants Jonathan Hugg, Esq. and Republic First Bank d/b/a Republic Bank (collectively, "Defendants") remove this case from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania for immediate referral to the United States Bankruptcy Court for the Eastern District of Pennsylvania. This Notice of Removal is also filed in accordance with Rule 9027 of the Federal Rules of Bankruptcy Procedure. In support of this Notice of Removal, Defendants state as follows:

## BACKGROUND

1.     On February 23, 2017, Plaintiff Barry Portnoy ("Plaintiff")
commenced this action by filing a Complaint in the Court of Common Pleas of
Philadelphia County, Pennsylvania. A copy of the Complaint is attached hereto as
Exhibit A.

2.     On February 24, 2017, Plaintiff served the Complaint on
Defendants.

3.     A notice of removal must be filed within 30 days after the initial
pleading. 28 U.S.C. § 1446(b)(1). A complaint is considered an initial pleading and
triggers the 30-day period for removal. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d
214, 223 (3d Cir. 2005).

4.     Defendants file this Notice within 30 days after receipt of a copy
of the initial pleading setting forth the claim for relief upon which the action is
based, in this instance, the Complaint. 28 U.S.C. § 1446(b)(1). Both Defendant Hugg
and Defendant Republic First Bank agree to removal of this matter.

5.     Other than as provided above, Defendants have received no
other process, pleadings, motions, or orders.

6.     On July 30, 2014, Plaintiff filed a voluntary petition under
Chapter 7 of the Bankruptcy Code. Complaint ¶ 13. The matter is captioned *In re
Barry Portnoy*, No. 14-16081-MDC, and is pending in the United States Bankruptcy
Court for the Eastern District of Pennsylvania.

7.    In the Complaint, Plaintiff alleges that "from and after the time Mr. Portnoy filed for bankruptcy protection, [Defendant] Hugg [as agent of Defendant Republic First Bank,][1] began systematically contacting Mr. Portnoy's clients—several of whom had worked with Mr. Portnoy or some of his former companies for years—threatening these clients with legal action if they paid Mr. Portnoy for construction services that he had rendered. ... [Defendant] Hugg claimed that any such monies belonged to [Defendant] Republic, and threatened to embroil Mr. Portnoy's clients in litigation if any monies were paid to plaintiff[]." Complaint ¶ 17.

8.    As of result of this alleged conduct, Plaintiff claims that he suffered damages and asserts two causes of action against Defendants: tortious interference with existing contractual relations (Count I); and tortious interference with prospective contractual relations (Count II). *Id.* at pp.7-9.

## SUBJECT MATTER JURISDICTION

9.    There are two separate statutory lines of authority allowing for removal of this matter. The first is under Sections 1331, 1441, and 1446 of Title 28 of the United States Code, and the second is under Sections 157, 1334, and 1452 of Title 28 of the United States Code.

---

[1]    Mr. Hugg is counsel for Republic First Bank in the matter involving Plaintiff as debtor that is now pending in the Bankruptcy Court for the Eastern District of Pennsylvania.

**First Line of Authority**

10.    Removal of a matter is permitted where the plaintiff's state law claim is preempted by federal law. *See, e.g., Ben. Nat'l Bank v. Anderson*, 539 U.S. 1, 3 (2003) (federal National Bank Act preempts state law claim of usury against a national bank); *see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (ERISA preempts state law tort claims against ERISA-regulated health providers, and therefore defendants may remove state claims).

11.    The vast majority of courts have held that a state law claim is preempted by the Bankruptcy Code when the claim would not exist but for some violation of the Code, particularly when the Bankruptcy Code itself provides a remedy for such a violation. *See Knox v. Sunstar Acceptance Corp.*, 237 B.R. 687, 702 (Bankr. N.D. Ill. 1999) (holding that because "the claim under the Illinois Consumer Fraud Act seek[s] remedies for violations of the Bankruptcy Code for which the Code itself and Rules provide other remedies, ... [the claim is] preempted by the Bankruptcy Code"); *Koffman v. Osteoimplant Tech.*, 182 B.R. 115, 125 (Bankr. D. Md. 1995) (disallowing state tort actions based on violations of the Bankruptcy Code because to allow them "ultimately would have the effect of permitting state law standards to modify the incentive structure of the Bankruptcy Code and its remedial scheme"); *Brandt v. Swisstronics, Inc. (In re Shape, Inc.)*, 135 B.R. 707, 708 (Bankr. D. Me. 1992) (holding that where the Bankruptcy Code "is applicable ... and has its own enforcement scheme and separate adjudicative framework, it must supersede any state law remedies"). "The expansive reach of the

4

[Bankruptcy] Code preempts virtually all claims relating to alleged misconduct in the bankruptcy courts." *Cox v. Zale Del.*, No. 97 C 4464, 1998 U.S. Dist. LEXIS 10707, at *14 (N.D. Ill. July 9, 1998) (holding that state law claims preempted when they "depend solely upon and thus are intricately related to alleged violations of the Code").

12.    Courts in this District have agreed with the decisions from courts around the country that the Bankruptcy Code preempts state law claims that are based upon allegations that a party violated the Code during the pendency of a bankruptcy. *See, e.g., Abramson v. Federman & Phelan, LLP*, 313 B.R. 195, 197 (Bank. E.D. Pa. 2004) (Bankruptcy Code preempted state law claims for violation of Pennsylvania's Fair Credit Extension Uniformity Act and Unfair Trade Practices and Consumer Protection Law brought by debtor because the "fundamental purposes of the bankruptcy system is to adjudicate and conciliate all competing claims to a debtor's property in one forum."); *see also In re Keeler*, 440 B.R. 354, 367 (Bankr. E.D. Pa. 2009) (holding that Pennsylvania's consumer protection law is preempted by federal bankruptcy law); *Raymark Indus., Inc. v. Baron*, 1997 U.S. Dist. LEXIS 8871, at *36 (E.D. Pa. June 23, 1997) (holding that plaintiffs' state law claims, including a claim for tortious interference with contractual relations, are preempted by the Bankruptcy Code).

13.    Here, the alleged tortious conduct committed by Defendants, if true, may have violated the automatic stay provided under 11 U.S.C. § 362(a), specifically subsection (3) which prevents "any act to obtain possession of property

5

of the estate or of property from the estate or to exercise control over property of the

estate." *Id.* § 362(a)(3). Plaintiff has characterized conduct that may amount to a

violation of the automatic stay as state law tort causes of action, in a transparent

effort at forum shopping, to rationalize filing his case in state court rather than

bringing the alleged conduct to the attention of this Court. Plaintiff's exclusive

remedy against Defendants for the conduct alleged is a claim under 11 U.S.C. §

362(k)(1) for violation of the automatic stay. *See Nuel v. Capital One, N.A.*, No. 11-

2024, 2012 U.S. Dist. LEXIS 8542, at *3-5 (E.D. Pa. Jan. 24, 2012) (holding that the

gravamen of plaintiff's state law claims for breach of contract and violation of

Pennsylvania's Unfair Trade Practices and Consumer Protection Law is that

defendant's conduct violates the Bankruptcy Code's automatic stay and thus are

preempted).

14.     This case differs from the above cited cases in one respect—

there is no reference in the complaint to the Bankruptcy Code. In those cases, the

plaintiffs explicitly alleged violations of the Code as the basis for state law claims. It

should not make a difference to the outcome. Plaintiff is a debtor subject to the

jurisdiction of the Bankruptcy Court for the Eastern District of Pennsylvania. The

alleged conduct is precisely the type of conduct that Congress intended to be

regulated by the federal bankruptcy courts. Plaintiff's attempt to avoid the Court's

jurisdiction by the ruse of failing to acknowledge the obvious, i.e., that the alleged

conduct if true would constitute a violation of the automatic stay, must fail.

Permitting debtors to dragoon state courts into resolving disputes about conduct

that is expressly regulated by the Bankruptcy Code would defeat the Code's

comprehensive scheme. It would also amount to a colossal waste of judicial

resources and encourage gaming of the system.

## Second Line of Authority

15.     The Court also has jurisdiction over this matter pursuant to

Sections 157, 1334, and 1452 of Title 28 of the United States Code.

16.     Section 1334(b) provides that "the district courts shall have

original but not exclusive jurisdiction of all civil proceedings arising under title 11,

or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). This provision

creates jurisdiction in four categories of proceedings: (1) "cases under title 11"; (2)

"proceedings arising under title 11"; (3) proceedings "arising in" a case under title

11; and "(4) proceedings "related to" a case under title 11. *Celetox Corp. v. Edwards*,

514 U.S. 300, 307 (1995).

17.     As noted above, Plaintiff's allegations are a *de facto* claim for

violation of the automatic stay under 11 U.S.C. § 362(k)(1). Further, while

Defendants did not do anything that violated the automatic stay or breached any

rights or duties under state law, they believe that Plaintiff may be mistakenly

relying on as one of the bases for the claims an event that in fact occurred *prior* to

the filing of the bankruptcy petition.[2] Defendants also believe that the claims

Plaintiff asserts are claims belonging to his companies Altchem Environmental

---

[2]     To the extent necessary for the Court to determine that removal is proper, Defendants
request that the Court permit discovery of the bases of the claims to prove that they are based in
part or in whole on pre-petition conduct.

Services, Inc. ("Altchem") and/or Maxis Construction Group, Inc. ("Maxis"), and not

Plaintiff personally. In his Schedules filed with the bankruptcy court, Plaintiff

states that Altchem and Maxis are valued at $1.00 each. If Defendants are correct

that the claims Plaintiff asserts in the state court action are claims belonging to

Altchem and/or Maxis, then Plaintiff's value of those companies in his bankruptcy

schedules is wrong and consequently the value of his estate is affected in light of

potential receivables owed to his personal companies.

18.    Plaintiff's claims fall under all four of Section 1334(b)'s

categories, whether or not they include a claim for violation of the automatic stay.

Claims based upon pre-petition conduct and claims belonging to Altchem and/or

Maxis are claims that "arise under" and "arise in" bankruptcy jurisdiction because

such claims are core proceedings pursuant to 28 U.S.C. § 157(b)(2), specifically

subsection (A) ("matters concerning the administration of the estate"), subsection

(C) ("counterclaims by the estate against persons filing claims against the estate"),

and subsection (O) ("other proceedings affecting the liquidation of the assets of the

estate or the adjustment of the debtor-creditor relationship or the equity-security

holder relationship, except personal injury tort or wrongful death claims").

19.    Plaintiff's claims—whether they are for violation of the

automatic stay, are based upon pre-petition conduct, or are claims belonging to

Altchem and/or Maxis—also fall under the bankruptcy court's "related to"

jurisdiction because the outcome of the state court matter could conceivably have an

effect on the estate being administered in bankruptcy. An action is related to

bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom from action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate. *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984). Additionally, there are other adversary proceedings pending against Plaintiff and his companies in his bankruptcy matter filed by both the Chapter 7 Trustee and Defendant Republic First Bank concerning the disposition of assets. Plaintiff's claims are related to those proceedings as well.

20.     Under 28 U.S.C. § 157, a district court may refer a removed case to the bankruptcy judges for the district. Pursuant to this Court's Bankruptcy Administrative Order, dated July 25, 1984, this Court has referred to the bankruptcy judges for the district all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11. That referral includes this matter.

## PROPRIETY OF REMOVAL

21.     For the foregoing reasons, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a). Additionally, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and this action may be removed to this Court pursuant to 28 U.S.C. § 1452(a).

22.     The United States District Court for the Eastern District of Pennsylvania is the federal judicial district encompassing the Court of Common Pleas of Philadelphia County, Pennsylvania, where this suit was originally filed.

Venue is therefore proper in this district under 28 U.S.C. § 1441(a), as well as under 28 U.S.C. §§ 1408, 1409(a), and 1452(a).

23.    Accordingly, this action may be removed from the Court of Common Pleas of Philadelphia County, Pennsylvania, and brought before the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1331 and 1441(a), as well as 28 U.S.C. §§ 1334(b), 1408, 1409(a), and 1452(a) with referral to the bankruptcy court.

24.    Pursuant to Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure, Defendants consent to entry of final orders or judgments by the bankruptcy judge.

25.    After this Notice has been filed, copies of all process, pleadings (as narrowly defined by Federal Rule of Civil Procedure 7(a)) and minute entries and orders entered in the state court matter and filed prior to removal and a copy of the docket for the removed case from the Philadelphia Court of Common Pleas will be filed of record in the bankruptcy court.

26.    Under the provisions of 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the clerk of the Court of Common Pleas of Philadelphia County, Pennsylvania, and will serve a copy of the same upon counsel for Plaintiff. A true and accurate copy of the Notice of Filing Notice of Removal is attached as Exhibit B.

WHEREFORE, notice is hereby given that this action is removed from

the Court of Common Pleas of Philadelphia County, Pennsylvania to the United

States District Court for the Eastern District of Pennsylvania for immediate

referral to the United States Bankruptcy Court for the Eastern District of

Pennsylvania.

Respectfully submitted,

STEVE HARVEY LAW LLC

By: _____

Stephen G. Harvey (PA 58233)
David V. Dzara (PA 91274)
1880 John F. Kennedy Blvd.
Suite 1715
Philadelphia, PA 19013
(215) 438-6600
steve@steveharveylaw.com
david@steveharveylaw.com

*Attorneys for Defendants*
*Jonathan Hugg, Esq. and Republic*
*First Bank d/b/a Republic Bank*

Dated: March 16, 2017

11

# Exhibit

# A

Court of Common Pleas of Philadelphia County
Trial Division

## Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
| --- |
| **FEBRUARY 2017** **006082** |
| E-Filing Number: 1702057213 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| BARRY PORTNOY | JONATHAN HUGG |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| 101 EDWARDS DRIVE RICHBORO PA 18966 | ONE COMMERCE SQUARE 2005 MARKET STREET SUITE 1000 PHILADELPHIA PA 19103 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| | REPUBLIC FIRST BANK, ALIAS: REPUBLIC BANK |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| | 50 SOUTH 16 STREET SUITE 2400 PHILADELPHIA PA 19102 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
| --- | --- | --- |
| 1 | 2 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal  [ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
| --- | --- | --- | --- |
| [ ] $50,000.00 or less [X] More than $50,000.00 | [ ] Arbitration [X] Jury [ ] Non-Jury [ ] Other: | [ ] Mass Tort [ ] Savings Action [ ] Petition | [ ] Commerce [ ] Minor Court Appeal [ ] Statutory Appeals | [ ] Settlement [ ] Minors [ ] W/D/Survival |

CASE TYPE AND CODE

10 - CONTRACTS OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? YES   NO |
| --- | --- | --- |
| | **FILED PRO PROTHY** FEB **23** 2017 **K. EDWARDS** | |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: BARRY PORTNOY

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
| --- | --- |
| DAVID L. BRAVERMAN | BRAVERMAN KASKEY PC ONE LIBERTY PLACE 56TH FLOOR 1650 MARKET STREET PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER |
| --- | --- |
| (215)575-3800 | (215)575-3801 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
| --- | --- |
| 35145 | dbraver@braverlaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
| --- | --- |
| *DAVID BRAVERMAN* | Thursday, February 23, 2017, 03:28 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**BRAVERMAN KASKEY**
David L. Braverman, Esquire (Atty. ID No. 35145)
Joshua B. Kaplan (Atty. ID No. 209517)
One Liberty Place, 56th Floor
Philadelphia, PA19103
215.575.3800 (Telephone)
215.575.3801 (Facsimile)



*Filed and Attested by the
Office of Judicial Records
23 FEB 2017 03:42 pm*

*Attorneys for Plaintiff*

| | |
|---|---|
| BARRY PORTNOY<br>101 Edwards Drive<br>Richboro, PA 18966 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| Plaintiff, | Civil Action<br>_____ Term, 2017 |
| v. | No. \_\_\_\_\_ |
| JONATHAN HUGG, ESQ.,<br>One Commerce Square<br>2005 Market Street, Suite 1000<br>Philadelphia, PA 19103 | **JURY TRIAL DEMANDED** |
| and | |
| REPUBLIC FIRST BANK d/b/a<br>REPUBLIC BANK,<br>50 South 16 Street, Suite 2400<br>Philadelphia, PA 19102 | |
| Defendants. | |

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. | ASOCIACIÓN DE LICENCIADOS DE FILADELFIA |
| PHILADELPHIA BAR ASSOCIATION | Servicio De Referencia E Información Legal |
| Lawyer Referral and Information Service | One Reading Center |
| One Reading Center | Filadelfia, Pennsylvania 19107 |
| Philadelphia, Pennsylvania 19107 | Telefono: (215) 238-1701 |
| Telephone: (215) 238-1701 | |

Case ID: 170206082

**BRAVERMAN KASKEY**
David L. Braverman, Esquire (Atty. ID No. 35145)
Joshua B. Kaplan (Atty. ID No. 209517)
One Liberty Place, 56th Floor
Philadelphia, PA19103
215.575.3800 (Telephone)
215.575.3801 (Facsimile)

*Attorneys for Plaintiff*

| | |
|---|---|
| BARRY PORTNOY | : COURT OF COMMON PLEAS |
| 101 Edwards Drive | : PHILADELPHIA COUNTY |
| Richboro, PA 18966 | : |
|           Plaintiff, | : Civil Action |
| | : _____ Term, 2017 |
|     v. | : |
| | : No. \_\_\_\_\_ |
| JONATHAN HUGG, ESQ., | : |
| One Commerce Square | : |
| 2005 Market Street, Suite 1000 | : **JURY TRIAL DEMANDED** |
| Philadelphia, PA 19103 | : |
| | : |
|     and | : |
| | : |
| REPUBLIC FIRST BANK d/b/a | : |
| REPUBLIC BANK, | : |
| 50 South 16 Street, Suite 2400 | : |
| Philadelphia, PA 19102 | : |
| | : |
|           Defendants. | : |

## COMPLAINT

Plaintiff Barry Portnoy ("Mr. Portnoy"), through undersigned counsel, brings this

Complaint against defendants Jonathan Hugg, Esq. ("Hugg") and Republic First Bank d/b/a

Republic Bank ("Republic") and, in support thereof, avers as follows:

### Parties, Jurisdiction, and Venue

1.    Mr. Portnoy is an adult individual residing at 101 Edwards Drive, Richboro,

Pennsylvania 18966.

Case ID: 170206082

2.     Hugg is an attorney who, on information and belief, is licensed to practice law in
the Commonwealth of Pennsylvania, and is a member of the law firm of Clark Hill PLC. Hugg
practices out of Clark Hill's Philadelphia office.

3.     Republic is a state-chartered bank with its headquarters at 50 South 16th Street,
Suite 2400, Philadelphia, Pennsylvania 19102.

4.     At all times relevant hereto, Hugg represented Republic and, as such, was its
agent. In doing the things herein alleged, Hugg acted within the course and scope of such
agency.

5.     Jurisdiction is vested in this Court under 42 Pa. Cons. Stat. § 931 and venue is
proper in Philadelphia County as the transactions and occurrences at issue in this matter took
place, the parties regularly conduct business, and Republic has its principal place of business, in
Philadelphia County.

## Introduction

6.     This action arises out of an unlawful course of conduct undertaken by Hugg, on
behalf of Republic, the end and aim of which was to inflict financial harm upon Mr. Portnoy and
to interfere with Mr. Portnoy's existing and prospective contractual relationships. Defendants'
unlawful and vexatious conduct has resulted in actual and substantial interference with plaintiff's
business, virtually destroying it and causing plaintiff to suffer substantial damages. Defendants
have gone so far as to attempt to thwart Mr. Portnoy's ability to make a living.

## Mr. Portnoy's Businesses

7.     For most of his adult life, Mr. Portnoy successfully operated various companies
engaged in different aspects of construction.

2

Case ID: 170206082

8.      Among his businesses were: Altchem Environmental Services, Inc. ("Altchem"),
which performed environmental remediation services, such as asbestos removal; Demrex
Industrial Services, Inc., which performed site demolition services; and Maxis Construction
Group, Inc. ("Maxis"), which performed construction services for commercial sites, particularly
retail stores, as well as public projects.

### Mr. Portnoy's Relationship with Republic

9.      In connection with his construction businesses, Mr. Portnoy maintained a
longstanding relationship with Republic. Republic made several commercial loans to Mr.
Portnoy over the years, as well as a home equity line of credit, which Mr. Portnoy secured with
liens against real estate that he owned.

10.     By 2014, the aggregate outstanding balance on Mr. Portnoy's commercial loans
with Republic exceeded $2 million.

### Mr. Portnoy's Financial Problems and Subsequent Bankruptcy

11.     Despite the 2008 financial crisis, Mr. Portnoy's construction businesses flourished
until 2012, when one large project defaulted on payment, causing serious financial hardships.

12.     Despite such hardships, Portnoy moved forward his businesses and was able to
obtain work. In 2012, Portnoy was current on his payments to Republic and had negotiated
extensions of the loans with Republic for 2013. At the end of 2013, negotiations with Republic
for the 2014 extensions were ongoing, when Republic filed for foreclosure on its mortgages.

13.     On July 30, 2014, facing mounting debts and an inability to meet his obligations
as they came due, Mr. Portnoy filed a voluntary petition for relief under Chapter 7 of the
Bankruptcy Code.

3

Case ID: 170206082

**The Republic Bank Litigation Filed by Hugg**

14.    Republic, through Hugg, filed the following actions:

    a.    In January 2014, defendants filed a complaint in confession of judgment filed in January 2014 against Mr. Portnoy and Altchem relating to a commercial loan to Altchem guaranteed by Mr. Portnoy (*Republic Bank v. Altchem Environmental Services and Barry Portnoy*, Bucks Cnty. Com. Pl., No. 2014-00535); and

    b.    In May 2014, defendants filed a complaint in the same court (*Republic Bank v. Altchem Environmental Services, et al.*, Bucks Cnty. Com. Pl., No. 2014-03792). This action named a host of defendants that Republic and Hugg alleged were the recipients of fraudulent transfers by Mr. Portnoy.[1]  They included several of Mr. Portnoy's businesses, as well as Mr. Portnoy's estranged wife and their two children.

15.    Republic and Hugg thereafter filed two actions following the filing of Mr. Portnoy's bankruptcy petition.  The first such complaint was filed in Mr. Portnoy's bankruptcy proceedings on January 30, 2015, seeking to deny Mr. Portnoy a discharge in bankruptcy. (*Republic Bank v. Portnoy*, Bankr. E.D. Pa. No. 15-ap-00037).  Republic and Hugg then filed a suit against Maxis on June 18, 2015, in the Bucks County Court of Common Pleas (*Republic Bank v. Maxis Construction Group*, Bucks Cnty. Com. Pl., No. 2015-04392).

**Defendants' Unlawful Conduct**

16.    Not content with pursuing Republic's claims against Mr. Portnoy and his former companies through litigation, Hugg, acting as Republic's agent, then undertook a post

---

[1] On information and belief, at the time they filed this fraudulent transfer action, Republic and Hugg possessed information that negated certain of their allegations, but willfully ignored that information.

4

bankruptcy petition course of conduct with the end and aim of inflicting financial harm upon Mr.

Portnoy and interfering with Mr. Portnoy's business operations. This strategy did not merely

seek repayment of Mr. Portnoy's outstanding loans, Republic and Hugg engaged in a course of

conduct and strategy to inflict upon Mr. Portnoy as much damage and destruction as they could.

17. From and after the time Mr. Portnoy filed for bankruptcy protection, Hugg began

systematically contacting Mr. Portnoy's clients—several of whom had worked with Mr. Portnoy

or some of his former companies for years—threatening these clients with legal action if they

paid Mr. Portnoy for construction services that he had rendered. In connection with at least one

of Mr. Portnoy's clients and, on information and belief, many more, Hugg claimed that any such

monies belonged to Republic, and threatened to embroil Mr. Portnoy's clients in litigation if any

monies were paid to plaintiffs. Such conduct was without privilege or justification and violated

the Pennsylvania Rules of Professional Conduct

18. At about the same time, and as a proximate result of defendants' conduct,

opportunities for Mr. Portnoy to bid on new construction jobs began to dry up.

19. The inability to find new projects was not a situation previously encountered by

Mr. Portnoy. Confused by it, Mr. Portnoy reached out to his clients for an explanation, at which

time he learned that certain of them had stopped sending Mr. Portnoy bid invitations because

they had been threatened by Hugg as set forth in Paragraph 17 above.

20. One such client, a real estate developer and long-time business associate of Mr.

Portnoy's and who had done millions of dollars of business with plaintiff, explained to Mr.

Portnoy that he had received phone calls from Hugg, and that Hugg had threatened to sue him

(and his companies) and hold him liable for any payments made to Mr. Portnoy notwithstanding

that plaintiffs had rendered services for which compensation was due or payments to be made for

5

future services rendered on future contracts. Mr. Portnoy's client informed Mr. Portnoy that

Hugg was verbally abusive and threatened reprisals and was a "nasty, vicious man." On

information and belief, this behavior by Hugg was asserted against other clients of Mr. Portnoy.

The aforementioned developer was dissuaded from doing further business with Mr. Portnoy as a

direct consequence of Hugg's communications as hereinabove alleged.

### Hugg's Misconduct Caused Maxis' Demise

21.     Until such time as Republic and Hugg interfered with plaintiff's business, it had

been on the upswing. Indeed, between 2013 and 2014, Portnoy completed three significant

construction contracts for well-known retailers and entities, each at a contract price between

$500,000 and $800,000, and each with a margin of at least $100,000. One retailer, however,

declined to afford Mr. Portnoy any new opportunity to bid. Following Hugg's conduct, as

described above, on information and belief, Hugg's communications to the retailer sounded the

death knell of this relationship.

22.     Several other of Mr. Portnoy's longstanding clients will no longer conduct

business with Mr. Portnoy and, further, some now refuse to answer his calls. On information and

belief, these clients also will not conduct business with Mr. Portnoy because of Hugg's threats.

23.     On information and belief, as a direct result of Hugg's interference and

Republic's actions, Mr. Portnoy's bonding company refused to provide him with bonding in

2014 and thereafter. Thus, in addition to the loss of private jobs, Mr. Portnoy has also been

unable to bid on public construction projects.

24.     By early 2015, Mr. Portnoy's pending construction jobs had been completed, but

no new opportunities were available—all owing to Hugg's interference.

6

25.     In order to make a living, Mr. Portnoy was forced to abandon his business in 2015

and go to work full time for someone else.

26.     Mr. Portnoy has lost *at least* several hundred thousand dollars of income per year,

since 2014, and untold amounts of further profits and business, due to the unjustified and

unprivileged misconduct by Hugg and Republic directed against Mr. Portnoy.

### COUNT I – TORTIOUS INTERFERENCE WITH EXISTING CONTRACTUAL RELATIONS
#### (Plaintiff against all defendants)

27.     The allegations contained in all paragraphs above are hereby incorporated by

reference as though fully set forth at length.

28.     At all times relevant to plaintiff's claim, Hugg was counsel to Republic and, as

such, its agent acting within the course and scope of such agency.

29.     As discussed above, plaintiff had existing contractual relationships with his

clients.

30.     Hugg's unlawful and vexatious conduct, performed on behalf of Republic and, on

information and belief, with its approval, was intended to interfere with plaintiff's existing

contractual relationships.  Hugg's conduct was neither justified nor privileged.

31.     Defendants' misconduct in fact interfered with plaintiff's existing contractual

relationships resulting in, at a minimum, the loss of hundreds of thousands of dollars per annum

and the failure of Mr. Portnoy's business operations.  These damages exclude court costs,

interest, and attorneys' fees.

32.     Defendants' misconduct was outrageous, and was undertaken intentionally,

willfully, wantonly, and/or recklessly.

7

Case ID: 170206082

## COUNT II – TORTIOUS INTERFERENCE WITH
### PROSPECTIVE CONTRACTUAL RELATIONS
(Plaintiff against all defendants)

33.    The allegations contained in all paragraphs above are hereby incorporated by reference as though fully set forth at length.

34.    At all times relevant to plaintiff's claim, Hugg was counsel to Republic and, as such, its agent acting within the course and scope of such agency.

35.    As discussed above, plaintiff had prospective contractual relationships with his clients for future work.

36.    Hugg's unlawful conduct as hereinabove alleged, performed on behalf of Republic and, on information and belief, with its approval, was intended to interfere with plaintiff's prospective contractual relationships. Hugg's conduct was neither justified nor privileged.

37.    Defendants' misconduct in fact interfered with plaintiff's prospective contractual relationships resulting in, at a minimum, the loss of hundreds of thousands of dollars per annum and the failure of Mr. Portnoy's business operations for the future. These damages exclude court costs, interest, and attorneys' fees.

38.    Defendants' misconduct was outrageous, and was conducted intentionally, willfully, wantonly, and/or recklessly.

WHEREFORE, plaintiff Barry Portnoy respectfully demands judgment in his favor and against defendants Jonathan Hugg, Esq., and Republic First Bank d/b/a Republic Bank, and an award of damages, including direct, consequential, and punitive damages, in an amount to be

8

Case ID: 170206082

determined at trial, plus interest and costs of suit, and other such relief as the Court deems just

and proper under the circumstances.

Respectfully submitted,

**BRAVERMAN KASKEY P.C.**

Dated: February 23, 2017                    By: /s/ David L. Braverman
                                                David L. Braverman, Esq.
                                                Joshua B. Kaplan, Esq.

*Attorneys for Plaintiff Barry Portnoy*

9

## VERIFICATION

I, Barry Portnoy, have read Plaintiffs' Complaint and verify that the statements made

therein are true and correct to the best of my present knowledge, information and belief. I

understand that false statements therein are subject to the penalties of 18 Pa. C.S. 4904, relating

to unsworn falsification to authorities.

_____

**BARRY PORTNOY**

Dated:

# Exhibit

# B

**STEVE HARVEY LAW LLC**
By:  Stephen G. Harvey
     David V. Dzara
PA ID Nos. 58233 and 91274
1880 John F. Kennedy Blvd.
Suite 1715
Philadelphia, PA 19103
(215) 438-6600
steve@steveharveylaw.com
david@steveharveylaw.com

*Attorneys for Defendants*
*Jonathan Hugg, Esq. and Republic*
*First Bank d/b/a Republic Bank*

---

|  |  |
|---|---|
| BARRY PORTNOY, | : COURT OF COMMON PLEAS |
|  | : PHILADELPHIA COUNTY, |
|  | : PENNSYLVANIA |
| Plaintiff, | : |
|  | : FEBRUARY TERM, 2017 |
| v. | : |
|  | : NO. 06082 |
| JONATHAN HUGG, ESQ. and | : |
| REPUBLIC FIRST BANK d/b/a | : NOTICE OF MANAGEMENT |
| REPUBLIC BANK, | : PROGRAM DISPUTE PENDING |
|  | : |
| Defendants. | : |

---

### NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that on March 16, 2017, Defendants

Jonathan Hugg, Esq. and Republic First Bank d/b/a Republic Bank (collectively,

"Defendants") removed the above-captioned action to the United States District

Court for the Eastern District of Pennsylvania for immediate referral to the United

States Bankruptcy Court for the Eastern District of Pennsylvania. Pursuant to 28

U.S.C. § 1446(d), Defendants hereby file a copy of the Notice of Removal attached as

Exhibit A to this Notice. Pursuant to 28 U.S.C. § 1446(d) and Rule 9027(c) of the

Federal Rules of Bankruptcy Procedure, this Court shall take no further action with

regard to the above-captioned action unless and until the case is remanded.

Respectfully submitted,

STEVE HARVEY LAW LLC

By:    /s/ Stephen G. Harvey
        Stephen G. Harvey (PA 58233)
        David V. Dzara (PA 91274)
        1880 John F. Kennedy Blvd.
        Suite 1715
        Philadelphia, PA 19013
        (215) 438-6600
        steve@steveharveylaw.com
        david@steveharveylaw.com

        *Attorneys for Defendants*
        *Jonathan Hugg, Esq. and Republic*
        *First Bank d/b/a Republic Bank*

Dated: March 16, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2017, I caused a true and correct

copy of the foregoing *Notice of Filing of Notice of Removal* to be served via this

Court's Electronic Filing System, first class mail, and email upon the following:

David L. Braverman
Joshua B. Kaplan
BRAVERMAN KASKEY
One Liberty Place
1650 Market Street, 56th Floor
Philadelphia, PA 19103
dbraver@braverlaw.com
jkaplan@braverlaw.com

/s/ Stephen G. Harvey
Stephen G. Harvey

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2017, I caused a true and correct

copy of the foregoing *Notice of Removal* to be served via first class mail and email

upon the following:

David L. Braverman
Joshua B. Kaplan
BRAVERMAN KASKEY
One Liberty Place
1650 Market Street, 56th Floor
Philadelphia, PA 19103
dbraver@braverlaw.com
jkaplan@braverlaw.com

Stephen G. Harvey

JS 44 (Rev. 07/16)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Barry Portnoy

**DEFENDANTS**

Jonathan Hugg, Esq. and Republic First Bank d/b/a Republic Bank

**(b)** County of Residence of First Listed Plaintiff   Bucks County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

David L. Braverman, Braverman Kaskey, One Liberty Place, 1650 Market St., 56th Floor, Philadelphia, PA 19103, 215-575-3800

Attorneys *(If Known)*

Stephen G. Harvey, Steve Harvey Law LLC, 1880 John F. Kennedy Blvd., Suite 1715, Philadelphia, PA 19103, 215-438-6600

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff

☒   Federal Question *(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. § 362

Brief description of cause:
Violation of the automatic stay provided under 11 U.S.C. § 362

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** Greater than $150,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions):*   JUDGE   Magdeline D. Coleman   DOCKET NUMBER   2:14-bk-16081-MDC

DATE   03/16/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

MAR 16 2017

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

**17    1157**

Address of Plaintiff: _101 Edwards Drive, Richboro, PA 18966_

Address of Defendant: _One Commerce Square, 2005 Market St., Ste. 1000, Phila., PA 19103; 50 South 16th St. Ste. 2400, Phila., PA 19102_

Place of Accident, Incident or Transaction: _Philadelphia County according to the allegations in the Complaint_
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐    No☒

Does this case involve multidistrict litigation possibilities?    Yes☐    No☒

*RELATED CASE, IF ANY:*
Case Number: _2:14-bk-16081-MDC_    Judge _Magdeline D. Coleman_    Date Terminated: _Still open_

Associated Adversary Cases: 15-00037-mdc; 15-00448-mdc; 16-00248-mdc; and 16-00409-mdc
Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐    No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☒    No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐    No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐    No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts

2. ☐ FELA

3. ☐ Jones Act-Personal Injury

4. ☐ Antitrust

5. ☐ Patent

6. ☐ Labor-Management Relations

7. ☐ Civil Rights

8. ☐ Habeas Corpus

9. ☐ Securities Act(s) Cases

10. ☐ Social Security Review Cases

11. ☒ All other Federal Question Cases
(Please specify) _Violation of the automatic stay under 11 U.S.C. § 362_

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts

2. ☐ Airplane Personal Injury

3. ☐ Assault, Defamation

4. ☐ Marine Personal Injury

5. ☐ Motor Vehicle Personal Injury

6. ☐ Other Personal Injury (Please specify)

7. ☐ Products Liability

8. ☐ Products Liability — Asbestos

9. ☐ All other Diversity Cases
(Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, _Stephen G. Harvey_, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _March 16, 2017_    _Stephen G. Harvey_    _58233_
Attorney-at-Law    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _March 16, 2017_    _Stephen G. Harvey_    _58233_
Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

MAR 16 2017

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| BARRY PORTNOY | : | CIVIL ACTION |
| | : | |
| v. | : | **17   1157** |
| JONATHAN HUGG, ESQ. and REPUBLIC | : | |
| FIRST BANK d/b/a REPUBLIC BANK | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (x)

| | | |
|---|---|---|
| March 16, 2017 | Stephen G. Harvey | Defendants |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-438-6600 | 215-438-6600 | steve@steveharveylaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAR 16 2017