

# BRAVERMAN KASKEY

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

ONE LIBERTY PLACE, 56TH FLOOR
PHILADELPHIA, PA 19103-7334
PH (215) 575-3800   FX (215) 575-3801
www.braverlaw.com

(215) 575-3910
jkaskey@braverlaw.com

July 17, 2017

Via Email
Honorable Magdeline D. Coleman
Robert N.C. Nix Sr. Federal Courthouse
900 Market Street, Suite 202
Philadelphia, PA 19107

**Re: In Re Barry Portnoy, Case No. 14-16081**

Dear Judge Coleman:

  I am responding, albeit reluctantly, to Jonathan Hugg's inappropriate and inaccurate letter to Your Honor, dated July 12, 2017.

  The background of this issue is simple. Your Honor will recall that at the June 28, 2017 hearing (the "Hearing"), the Court ruled upon Republic First Bank's Motion for an Order Directing Former and Current Attorneys for Debtor to Supplement Disclosure of Compensation (the "Motion"). Your Honor did so based upon, *inter alia*, Mr. Hugg's statements in open Court that Mr. Portnoy possessed no prepetition or post-petition bank accounts (Hearing Audio Transcript at 12:31:43 and 12:48:02) and that Mr. Hugg had not examined Mr. Portnoy about any such accounts or his post-petition finances (Hearing Audio Transcript at 12:35:13). On that record Your Honor required the law firms of Adelstein & Kaliner, LLC and Smith Kane Holman, LLC") to serve supplemental compensation disclosures for all payments received from July 2014 to January 2016 pursuant to 11 U.S.C. § 329(a) and Federal Rule of Bankruptcy Procedure 2016(b), identifying all payments received for services rendered on behalf of the Debtor in connection with the Debtor's bankruptcy case, including: (1) the amount of the payments; (2) the dates when they received the payments; (3) indication as to whether the payments were made by cash or check; and (4) the identity of the source of the payments received, including, if made by check, the accountholder on the check and the issuing bank or financial institution. At the conclusion of the Hearing Your Honor requested that counsel jointly prepare and submit a revised form of Order (the "Revised Order") to the Court that was consistent with the Court's oral ruling.

  In the days following the Hearing, I had the opportunity to obtain and review transcripts of the January 15, 2015 and September 11, 2015 depositions of Mr. Portnoy by Mr. Hugg. In those depositions Mr. Portnoy: (1) repeatedly identified his prepetition bank account at Fulton Bank, which had been closed around the time his voluntary petition was filed as a result of


BK

Honorable Magdeline D. Coleman
July 17, 2017
Page 2

Republic First Bank's execution on and obtaining all of the proceeds of the account (January 15 Transcript at: 62:4; 134:16; 139:8; and 188:18; and September 11 Transcript at 101:13 and 198:17); (2) identified, without objection, the post-petition bank account established by Mr. Portnoy in 2015 (September 11 Transcript at 198:1 "Do you have a bank account? Currently I do, yes. When did -- where is that bank account? Huntingdon Valley Bank. When did you establish that bank account? About two months ago, maybe three."); and (3) testified that he had no cash on hand or any place else in the world (January 15 Transcript at 59-60). Notwithstanding the foregoing, during the Hearing, Mr. Hugg made multiple misrepresentations to the Court that Mr. Portnoy had no prepetition bank accounts, had no post-petition bank accounts, and that Mr. Hugg had not examined Mr. Portnoy about any cash Mr. Portnoy possessed on the petition date.

On July 10, 2017, I called Mr. Hugg to discuss the proposed form of Order he had circulated. During that call, and in accordance with my ethical obligations under Rule 8.3 of the Pennsylvania Rules of Professional Conduct, I advised Mr. Hugg that he had made multiple misrepresentations to Your Honor during the Hearing, in violation of Rule 3.3(a)(1) of the Pennsylvania Rules of Professional Conduct (the "RPC"). In that call, I simply requested that Mr. Hugg correct the record, particularly since Your Honor had relied upon his statements in ruling on the Motion.

Further, I reminded Mr. Hugg that I had previously advised him of misrepresentations he made to Your Honor during the October 17, 2016 hearing on the Chapter 7 Trustee's 363 Motion to sell the 1320 Industrial Boulevard property, and that unless he corrected his string of misrepresentations to Your Honor as required by RPC 3.3(a)(1), I would be required, pursuant to RPC 8.3, to report such misconduct to the Disciplinary Board of the Supreme Court of Pennsylvania, which has exclusive jurisdiction over all matters of attorney discipline in Pennsylvania, including violations of the RPC.

Rather than acknowledging and correcting his misrepresentations to the Court, as required by RPC 3.3(a)(1), Mr. Hugg went on a meritless tirade claiming I was attempting to "extort" him in order to gain an upper hand in settlement negotiations. I categorically denied Mr. Hugg's characterization and pointed out to him that there are no pending motions or other matters which involve potential settlements between Republic Bank and the Debtor. I also advised Mr. Hugg that if he attempted to avoid compliance with his obligations under the RPC by making further false and baseless claims with the Court, such action would constitute yet another breach of his responsibilities under the RPC, including RPC 3.1 and 3.3(a)(1) and that in accordance with RPC 8.3 I would be obligated to file a complaint with the Disciplinary Board of the Supreme Court of Pennsylvania.

Mr. Hugg's letter to Your Honor clearly reflects that he has chosen to eschew the opportunity to comply his ethical obligations under the RPC.

# BK

Honorable Magdeline D. Coleman
July 17, 2017
Page 3

    Thank you for your time and consideration in this matter.  We remain available if Your Honor should have any questions regarding the foregoing

Respectfully,



John E. Kaskey

JEK/mys

cc: Jonathan Hugg, Esquire
    Gary Seitz, Esquire
    Al Belmont, Esquire
    Kevin Callahan, Esquire