# BRAVERMAN KASKEY
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

ONE LIBERTY PLACE, 56TH FLOOR
PHILADELPHIA, PA 19103-7334
PH (215) 575-3800   FX (215) 575-3801
www.braverlaw.com

(215) 575-3910
jkaskey@braverlaw.com

August 15, 2017

**VIA ELECTRONIC MAIL**

Hon. Magdeline D. Coleman, Judge
United States Bankruptcy Court
for the Eastern District of Pennsylvania
Robert N.C. Nix Sr. Federal Courthouse
900 Market Street - Suite 202
Philadelphia, PA 19102

RE:   **In Re Barry Portnoy, Case No.: 14-16081**

Dear Judge Coleman:

I am responding, again reluctantly, this time to Jonathan Hugg's latest letter to Your Honor, dated July 31, 2017. Obfuscation is no substitute for factual accuracy. Mr. Hugg's letter is obfuscatory at best, designed to conceal his own misconduct.

On May 10, 2017, Republic Bank filed its "Motion for Entry of an Order Directing Former and Current Attorneys for Debtor to Supplement Disclosure of Compensation." In the motion, Republic Bank, through Mr. Hugg stated that "[b]ased upon the insufficient and inconsistent disclosures filed by Debtor's lawyers, this Court should require [the Debtor's present and former counsel] to supplement their disclosures of compensation."

Your Honor granted the motion in part, requiring supplemental disclosures by the Debtor's counsel for the period extending 18 months **after** the Debtor filed for relief under Chapter 7. Your Honor denied the motion with respect to supplemental disclosures for any time period beyond the end of the 18 month period. The Court's ruling was based upon, *inter alia*, Mr. Hugg's statements in open court that Mr. Portnoy possessed no pre-petition or post-petition bank accounts (Hearing Audio Transcript at 12:31:43 and 12:48:02) and that Mr. Hugg had not examined Mr. Portnoy about any such accounts or his post-petition finances in any of the numerous depositions taken of Mr. Portnoy by Mr. Hugg. (Hearing Audio Transcript at 12:35:13). The Court issued its Order, *ore tenus*, on June 28, 2017. The Court entered its written Order on July 17, 2017.



## BK

Hon. Magdeline D. Coleman, Judge
August 15, 2017
Page -2-

Following the June 28, 2017 hearing, a review of the transcripts of certain depositions of Mr. Portnoy, taken by Mr. Hugg, revealed that Mr. Hugg made certain misstatements to the Court, viz.:

1. Contrary to Mr. Hugg's assertions, Mr. Portnoy repeatedly testified at his depositions (in response to questions by Mr. Hugg) that he had a pre-petition bank account at Fulton Bank, but that had been closed around the time that his Voluntary Petition had been filed as a result of Republic First's execution on, and appropriation of, all of the proceeds of the account (See, January 15, 2015 Tr. at 62:4; 134:16; 139:8 and 188:18 and See, September 11, 2015 Tr. At 101:13 and 198:17);

2. Contrary to Mr. Hugg's assertions, Mr. Portnoy identified a post-petition bank account that he had opened in 2015 (See, September 11, 2015 Tr. at 198:1 Q: "Do you have a bank account?" A: "Currently I do, yes." Q: "When did - - where is that bank account?"  A: "Huntingdon Valley Bank". Q: "When did you establish that bank account?" A: "About two months ago, maybe three."); and

3. Contrary to Mr. Hugg's assertions, Mr. Portnoy testified that he had no cash on hand or any place else in the world (See, January 15, 2015 Tr. at 59-60).

I spoke with Mr. Hugg on July 10, 2017 to discuss the proposed form of order that he had circulated related to this motion. During that call, and in accordance with my ethical obligations under Rule 8.3 of the Pennsylvania Rules of Professional Conduct, I advised Mr. Hugg that he had made multiple misstatements to Your Honor during the hearing in violation of Rule 3.3(a)(1) of the Pennsylvania Rules of Professional Conduct. I simply requested that Mr. Hugg correct the record, particularly since Your Honor had relied upon his statements in ruling on the motion.

Mr. Hugg has failed, and continues to refuse, to correct his misstatements to the Court. And, rather than address the situation as required under the Pennsylvania Rules of Professional Conduct, Mr. Hugg has sought the Court's involvement. Accordingly, we are constrained to write yet another letter to the Court in response to Mr. Hugg's allegations.

Factually, Mr. Hugg attempts to justify his misstatements to the Court (that Mr. Portnoy possessed no pre-petition or post-petition bank accounts and that Mr. Hugg had not examined Mr. Portnoy about any such accounts or his post-petition finances) by now claiming that the Debtor's schedules and deposition testimony are confusing. To illustrate his contention, Mr.


**BK**

Hon. Magdeline D. Coleman, Judge
August 15, 2017
Page -3-

Hugg argues that, notwithstanding the Debtor's September 11, 2015 deposition testimony (that he had opened the bank account post-petition at Huntingdon Valley Bank in 2015), the Debtor filed a Second Amended Schedule B indicating no cash on hand or financial accounts.

Surely after more than twenty years in practice, Mr. Hugg is aware that all of the information contained in a Debtor's schedules, as well as any amendments thereto, reflect information that existed on the petition date, only, and does **not** contain information regarding changes to the Debtor's post-petition finances (including opening a new post-petition bank account). Further, Mr. Hugg has repeatedly failed to disclose to the Court that the Debtor's original Schedule B (Docket No. 18), Amended Schedule B (Docket No. 27) and the Second Amended Schedule B (Docket No. 257) each state that, as of the petition date, the Debtor had no cash on hand or bank accounts. Patently, there is no inconsistency between the Debtor's original or any amended Schedule B. There was absolutely no inconsistency or basis for confusion, and Mr. Hugg's feigned confusion does not and cannot justify his prevarications. Mr. Hugg apparently now admits (in his letter) that the Debtor consistently has testified during multiple depositions under oath that the Debtor had no cash on hand or bank accounts as of the petition date.

Equally troubling is that Mr. Hugg, in his July 31, 2017 letter, fails to advise the Court that, on July 24, 2017, Smith Kane Holman, LLC (one of the Debtor's former counsel) provided Mr. Hugg, the United States Trustee and the Chapter 7 Trustee with the dates that they received payments from the Debtor, the check number for each of the payments and the identity of the bank accounts upon which the checks were drawn. The data supplied by Smith Kane Holman, LLC, shows that all payments were drawn on the Debtor's account at Huntingdon Valley Bank, which is completely consistent with the Debtor's deposition testimony. Simply stated, the facts of record irrefutably demonstrate that the Debtor's Schedules and the Debtor's testimony have, at all times, been completely consistent, and that Mr. Hugg's assertions to the contrary have absolutely no factual support and lay bare Mr. Hugg's past and continuing lack of candor to the Court and counsel, all in violation of his obligations under the Pennsylvania Rules of Professional Conduct.[1]

Mr. Hugg's contention that my request that he comply with his obligations under the Pennsylvania Rules of Conduct in order to gain some sort of tactical advantage, is a baseless and transparent attempt by him to avoid complying with his obligations under the Pennsylvania Rules of Professional Conduct, including, *inter alia*, correcting his material misrepresentations to the Court.

Finally, I note that Mr. Hugg's repeated attempts to request the entry of Orders through

---

[1] Mr. Hugg claims that my citations to the audio transcript of the hearing on June 28, 2017 is inaccurate. We have gone back and double checked my citations, and confirm that they are correct. To resolve any and all controversies, however, I have ordered a hard copy of the record for future reference.

# BK

Hon. Magdeline D. Coleman, Judge
August 15, 2017
Page -4-

letter writing rather than approved motion practice does not comply with the Bankruptcy Code, Bankruptcy Rules or the Court's Judicial Practices and Procedures.

    I trust this response puts the issues to bed, at least insofar as they have been presented to Your Honor by Mr. Hugg. The proper forum for any resolution of these issues, is, of course, the Disciplinary Board of the Supreme Court of Pennsylvania.

Respectfully yours,

JOHN E. KASKEY

JEK

cc:    Jonathan Hugg, Esquire
       Gary Seitz, Esquire
       Albert Belmont, Esquire
       Kevin Callahan, Esquire