IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                    )
In re:                              )
                                    )   Chapter 7
BARRY PORTNOY,                      )
                                    )   Case No. 14-16081-mdc
            Debtor.                 )
_____)

### TRUSTEE'S REPLY IN
### OPPOSITION TO DEBTOR'S MOTION FOR LEAVE TO APPEAL

Robert H. Holber, Chapter 7 Trustee and Plaintiff, through undersigned counsel, hereby replies in opposition to the motion of Debtor for leave to appeal the January 25, 2018 order of the Bankruptcy Court.

### The Order Is Interlocutory

The Debtor concedes that the order appealed from is interlocutory. The relaxed finality standard for bankruptcy proceedings applies only when an order implicates considerations unique to bankruptcy proceedings, while "orders that do not adjudicate specific adversary proceedings or require further factual development are governed by ordinary finality conceptions of routing litigation." In re Truong, 513 F.3d 91, 94 (3d Cir. 2008). Since the order at issue results from a discovery dispute in an adversary proceeding, no unique bankruptcy issues are implicated.

### There Is Nothing Extraordinary or Urgent About A Discovery Dispute

Movants for leave to appeal a bankruptcy decision on an interlocutory basis have a heavy substantive burden, in addition to the procedural requirements. Chief Justice Roberts featured one of Yogi Berra's most famous sayings while addressing the finality of an order of a bankruptcy court: "It ain't over till it's over." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1693 (2015). District courts are guided by the fundamental principle that appellate review must be delayed until the

entry of an absolute verdict, and "exceptional circumstances" that require an interlocutory appeal should exist. *In re Del. & Hudson Ry. Co.*, 96 B.R. 469, 472–73 (D.Del.1989), aff'd, 884 F.2d 1383 (3d Cir. 1989). Generally, interlocutory appeals are not preferred because they interfere with the prevailing objective of the bankruptcy system to promptly resolve important economic obscurities. *Id*. There is nothing extraordinary or urgent about the situation raised by the Debtor that recommends departing from the standard appellate process including a final order. In 2009 the United States Supreme Court signaled disapproval of interlocutory appeals of orders requiring the disclosure of privileged communications or documents, by eliminating the "collateral order" type of interlocutory appeals on such privilege issues. *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009).

## The Order Requires Further Proceedings by Its Terms

Moreover, the order appealed from is not final even by its own terms. The order requires further proceedings by Debtor's former attorneys that may moot the issues raised on appeal. The attorneys have filed documents to seek their rights and the court has yet to rule. In addition, Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all of the claims and all of the parties' rights and liabilities." The Third Circuit has held that the same would be true even in the absence of that rule. *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973) ("so long as [a] district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so."). Thus, "a trial judge has the discretion to reconsider an issue and should exercise that discretion whenever it appears that a previous ruling, even if unambiguous, might lead to an unjust result." *Swietlowich v. Bucks Cnty.*, 610 F.2d 1157, 1164 (3d Cir. 1979).

**No Exceptional Circumstances Have Been Established**

Granting an interlocutory appeal is appropriate **only** where a party "establishes [that] exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment." *In re Del. & Hudson Ry. Co.*, 96 B.R. 469, 472–73 (D.Del.1989), aff'd, 884 F.2d 1383 (3d Cir. 1989). While there are no clear statutory criteria for a §158(a)(3) analysis, the Third Circuit has used the factors in 28 U.S.C. §1292(b) to determine whether to invoke discretionary jurisdiction. *Segal*, 2014 WL 1123276, at *7; see also *In re Bertoli*, 812 F.2d 136, 139 (3d Cir.1987) (establishing the criteria set forth in §1292(b) as those informing an evaluation of §158(a)(3) discretionary jurisdiction). These factors are (1) whether a controlling question of law is involved; (2) whether there are substantial grounds for a difference of opinion as to the question of law; and (3) whether an immediate appeal would materially advance the termination of the litigation. *Id*. All three conditions must be met before a court may certify an order for interlocutory appeal. *Finkel v. Polichuk*, 2011 WL 2274176, at *3 (E.D. Pa. June 8, 2011).

This is an immediate appeal of an order to determine a process whereby attorney work product privileges may be raised or preserved. An immediate appeal of this order will not materially advance termination of the litigation in this matter as it deals merely with a process to resolve a privilege log and the related documents. While disposition might hasten termination of the underlying discovery dispute, it would not hasten termination of the consolidated adversary proceedings.

The bankruptcy court's order regarding the privilege log is unlikely to affect the distribution of the debtor's assets, or the relationship among the creditors; as such this factor favors denying interlocutory appeal of the order. *In re Brown*, 803 F.2d 120, 122 (3d Cir. 1986). The order at issue does not directly impact the assets of the estate. The order compels action many

steps removed from any monetary consequence or effect on the debtor's assets. As such, this factor weighs against the District Court exercising jurisdiction over this matter.

While an appellate ruling addressing the propriety of the Bankruptcy Court's order compelling the attorneys who generated work product to come forward and claim it could affect the documents available to the Trustee, such a ruling would not curtail any future litigation surrounding the underlying bankruptcy proceeding.

The process required by the order has not been completed. Additional fact-finding is on the horizon because the hearing on the former attorneys' assertion of privilege has not been held.

Accordingly, this appeal does not constitute one of the "exceptional circumstances" warranting the exercise of discretionary jurisdiction over an interlocutory order.

**Unsupported Factual Assertions Must be Disregarded**

The Motion improperly includes factual recitations that were not raised or proven during the evidentiary hearing on the issues decided by the Bankruptcy Court, as such, the factual allegations are an improper attempt to supplement the record on appeal. Without waving the objection, the Trustee responds to the factual allegations set forth in the Motion as follows:

1-3.    Admitted

4.    Admitted in part and denied in part. It is admitted only that "Prior to the Petition Date, Mr. Portnoy owned a property located at 1320 Industrial Boulevard, Unit 2, Southampton, Pennsylvania (the "1320 Property")." The remaining allegations are denied. The Trustee incorporates by reference the entire court record as if stated herein at length. The Trustee incorporates by reference the entire court record as if stated herein at length.

5.    Admitted in part and denied in part. It is admitted only that in July or August of 2016, the Trustee unilaterally took control of the 1320 Property by changing the locks and

had electronic copies of the computers' hard drives made. The remaining allegations are denied. The Trustee incorporates by reference the entire court record as if stated herein at length.

6.  Admitted in part and denied in part. It is admitted only that On November 3, 2016, the Bankruptcy Court entered an order (Doc. No. 396). The Debtor did not appeal the order or seek to have it amended. The Trustee certified compliance with the Order on November 11, 2016 (Doc. 405). No objections to the certification were filed by the Debtor. The remaining allegations are denied. The Trustee incorporates by reference the entire court record as if stated herein at length.

7.  Denied.

8.  Denied.

9.  Denied.

10. Denied.

11. Admitted in part and denied in part. It is admitted only that as directed by the Bankruptcy Court, counsel for the Trustee provided the Debtor with full access to the hard drive on which he had copied all the drives from the computers located at 13020 Industrial Blvd. As reflected by the receipts that he signed on November 10, 2106 (Doc. 405), three boxes of equipment from the network room, an Acer laptop, an Acer computer, a personal computer drive and four external hard drives were turned over to the Debtor by the Trustee at 1320 Industrial Blvd. The only drive that was not provided to the Debtor was the drive from the computer used by Mr. Carson. That drive was copied by the Trustee before the computer was lost. Counsel for the Trustee turned the hard drive containing all of the copied drives over to counsel for the Debtor in December of 2016. Counsel for the Debtor returned the drive to counsel for the Trustee in March of 2017. The remaining allegations are denied. The Trustee incorporates by

reference the entire court record as if stated herein at length.

12. Admitted in part and denied in part. It is admitted only that on November 10, 2017, Debtor provided a document identified as a privilege log. The remaining allegations are denied. The Trustee incorporates by reference the entire court record as if stated herein at length.

13. Admitted in part and denied in part. It is admitted only that on December 19, 2017, Debtor provided a revised document identified as a privilege log. The remaining allegations are denied. The Trustee incorporates by reference the entire court record as if stated herein at length.

14. Admitted in part and denied in part. It is admitted only that Debtor attempted to assert the work-product privilege and/or attorney-client privilege with respect to 253 pre-petition emails and attachments. The remaining allegations are denied. The Trustee incorporates by reference the entire court record as if stated herein at length.

15. Denied.

16. Admitted.

17. Admitted.

18. Admitted.

19. – 20. Denied as stated. The Trustee incorporates by reference the entire court record as if stated herein at length.

21. Denied. The Trustee has not been permitted to view the emails and is unable to respond.

22.- 40. Denied as no response is necessary for legal argument. To the extent that any paragraph contains mixed questions of law and fact, the facts are denied.

For the foregoing reasons, the motion of Debtor for leave to appeal the January 25, 2018 order of the Bankruptcy Court must be denied.

Dated: February 21, 2018                GELLERT SCALI BUSENKELL & BROWN, LLC


                                        By: /s/ Gary F. Seitz
                                            Gary F. Seitz
                                            Holly S. Miller
                                            The Curtis Center
                                            601 Walnut Street, Suite 750 West
                                            Philadelphia, PA 19106
                                            Telephone: (215) 238-0010
                                            Fax: (215) 238-0016
                                            E-mail: gseitz@gsbblaw.com /
                                            hsmiller@gsbblaw.com

                                            *Counsel for Chapter 7 Trustee*