IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | BANKRUPTCY CASE NO. 14-16081-mdc |
| BARRY PORTNOY, | CHAPTER 7 |
| Debtor | RELATED TO DOC. NO. 541 |

### REPUBLIC FIRST BANK'S JOINDER IN THE
### CHAPTER 7 TRUSTEE'S
### MOTION TO COMPEL DEBTOR TO
### TIMELY PERFORM SECTION 521 DUTIES

Creditor (and plaintiff in Adversary Case Nos. 15-00037 and 16-00409), Republic First Bank, by and through its counsel, joins the Chapter 7 Trustee's Motion to Compel Debtor to Timely Perform Section 521 Duties (Doc. No. 541), and for all the reasons set forth therein, respectfully requests this Court grant the Motion and the relief requested.

The Chapter 7 Trustee should not have had to file his motion. This is because this Court previously instructed debtor and his counsel to produce debtor's tax returns to the Chapter 7 Trustee, the United States Trustee, and Republic Bank in accordance with 11 U.S.C. § 521(e). There was very extensive litigation on this issue. This culminated in the Court sanctioning debtor and his prior counsel for failing to comply with this Court's instructions. *Doc. 253* (sanctions Order recounting the previous litigation regarding the failure of debtor to share his tax returns). Debtor did not appeal any aspect of these rulings. He is bound by this Court's prior decisions and should have simply abided by them rather than forcing the Trustee to file another motion and re-litigate the matter.

Furthermore, there is nothing in 11 U.S.C. § 521(f) justifying debtor's resistance. Under Section 521(f), the duty of debtor to file his tax returns with the Court is mandatory and ongoing until the conclusion of his bankruptcy case: The statute states:

> **(f)** At the request of the court, the United States trustee, or any party in interest in a case under chapter 7[1]…, a debtor who is an individual <u>***shall***</u> file with the court—
>
> **(1)** at the same time filed with the taxing authority, a copy of each Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such tax return) <u>with respect to each tax year of the debtor ending while the case is pending under such chapter</u>;
>
> **(2)** at the same time filed with the taxing authority, each Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such tax return) that had not been filed with such authority as of the date of the commencement of the case and that was subsequently filed for any tax year of the debtor ending in the 3-year period ending on the date of the commencement of the case;
>
> **(3)** a copy of each amendment to any Federal income tax return or transcript filed with the court under paragraph (1) or (2); and
>
> \*\*\*

(emphasis supplied). "This addresses prospective tax return filings that are due or become due post-petition." *In re: Marek*, 2017 WL 3279228, \*2 (Bankr. D. Mont. 2017).

The purpose of Section 521(f) is to allow interested parties to monitor a debtor's finances. *See In re King*, 439 B.R. 129, 136 (Bankr. S.D. Ill. 2010) ("'Section 521(f)'s requirement that the debtor submit annual tax returns on request to any interested party, allowing those parties to determine if the debtor's financial circumstances have changed…'" (*quoting In re Slusher,* 359 B.R. 290 (Bankr. D. Nev.2007)). This Court has recognized that "[i]ncome tax returns may be the best source of complete and competent information as to a party's income." *In re: Reading Tube Corp.*, 73 B.R. 99, 101 (Bankr. E.D. Pa. 1987). In the interest of

---

[1] Debtor will no doubt argue that Republic lacks standing to join the Trustee's motion. However, Republic Bank has standing as a "party in interest" since it is a creditor of debtor.

2

transparency, the Court has already ruled that debtor must disclose his income tax returns. Because there is no basis in the language of Section 521 to allow debtor now to withhold his income tax returns, this Court should grant the Chapter 7 Trustee's motion.

                                                Respectfully submitted,

Dated: March 6, 2018             */s/ Jonathan W. Hugg*
                                              Jonathan W. Hugg (Pa. Id. No. 73589)
                                              SCHNADER HARRISON SEGAL & LEWIS LLP
                                              1600 Market Street, Suite 3600
                                              Philadelphia, PA 19103-7286
                                              Telephone: 215-751-2527
                                              Facsimile: 215-751-2205
                                              jhugg@schnader.com

                                              *Counsel for Republic First Bank*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE: | BANKRUPTCY CASE NO. 14-16081 |
|---|---|
| BARRY PORTNOY | CHAPTER 7 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing Joinder was served on March 6, 2018 on the following parties in this matter via this Court's electronic filing system and/or first-class mail:

John E. Kaskey, Esq.
Braverman Kaskey, P.C.
One Liberty Place
1650 Market Street, 56th Floor
Philadelphia, PA 19103
*Counsel for Debtor*

Kevin Callahan, Esq.
U.S. Trustee
Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

Gary F. Seitz, Esq.
Gellert Scali Busenkell & Brown
601 Walnut Street, Suite 280 South
Philadelphia, PA 19106
*Counsel for Chapter 7 Trustee*

Albert M. Belmont, III, Esq.
Bochetto and Lentz, P.C.
1524 Locust Street
Philadelphia, PA 19102
*Counsel for Danielle Portnoy, et al.*

By: */s/ Jonathan W. Hugg, Esquire*
Jonathan W. Hugg, Esquire