# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: <br><br> BARRY PORTNOY | BANKRUPTCY CASE NO. 14-16081 <br><br> CHAPTER 7 |
| ROBERT H. HOLBER, <br> as Chapter 7 Trustee of the <br> Estate of Barry Portnoy, <br><br> Plaintiff <br><br> vs. <br><br> BARRY PORTNOY, et al. <br><br> Defendants | ADVERSARY NO. 16-00248-mdc <br><br> (LEAD CASE) |
| REPUBLIC FIRST BANK d/b/a <br> REPUBLIC BANK, <br><br> Plaintiff, <br><br> vs. <br><br> BARRY PORTNOY, <br><br> Defendant | ADVERSARY NO. 15-00037-mdc |
| ROBERT H. HOLBER, <br> as Chapter 7 Trustee of the <br> Estate of Barry Portnoy, <br><br> and <br><br> REPUBLIC FIRST BANK d/b/a <br> REPUBLIC BANK <br><br> Plaintiffs | ADVERSARY NO. 16-00409-mdc |

| | |
|---|---|
| v.<br><br>**ALTCHEM ENVIRONMENTAL SERVICES, INC., et al.,**<br><br>**Defendants** | |

## STIPULATION AND ORDER

This Stipulation and Order is entered into this 11th day of October, 2018, by and among Robert H. Holber, as Chapter 7 Trustee (the "Trustee") for the Estate of Barry Portnoy (the "Estate"), Barry Portnoy (the "Debtor"), Danielle Portnoy, Zachary Portnoy, Samantha Portnoy, Danielle Portnoy, as Trustee of the SamZach Irrevocable Trust, Danielle Portnoy, as co-trustee of the Revocable Deed of Trust of Danielle M. Portnoy, Samantha Portnoy, as co-trustee of the Revocable Deed of Trust of Danielle M. Portnoy, Altchem Environmental Services, Inc., Samzach Partners, L.P., Sam-Zachary Partners, LLC, BF Services, L.P., Maxsys, Inc. and Maxis Construction Group (collectively, "Non-Debtor Defendants"), Vorndran Construction, Inc. ("VCI"), Republic First Bank ("Republic"), Jonathan W. Hugg, Esquire ("Hugg") (and together with the Trustee, the Debtor, Non-Debtor Defendants and VCI, "Parties" or individually, a "Party"), and is subject to approval by the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court" or the "Court").

### RECITALS

WHEREAS, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 30, 2014 (the "Petition Date") in the above captioned bankruptcy case (the "Bankruptcy Case");

WHEREAS, the Trustee was appointed trustee on July 31, 2014;

WHEREAS, Adversary Case number 15-00037-mdc was commenced by Republic

against the Debtor on January 30, 2015, seeking, *inter alia*, to deny the Debtor's discharge;

WHEREAS, Republic commenced actions in the Court of Common Pleas of Bucks County, Pennsylvania against Non-Debtor Defendants which actions sought to, *inter alia*, avoid various transfers by the Debtor (the "Bucks County Actions");

WHEREAS, the Bucks County Actions were subsequently removed to this Court as Adversary Case number 16-409-mdc;

WHEREAS, Adversary Case number 16-248-mdc was commenced by the Trustee on July 29, 2016 (Adversary Case number 15-00037-mdc, Adversary Case number 16-409-mdc and Adversary Case number 16-248-mdc are hereinafter collectively referred to as the "Trustee-Republic Adversary Actions");

WHEREAS, the Trustee-Republic Adversary Actions have been consolidated by agreement among the Trustee, the Debtor, Non-Debtor Defendants and Republic;

WHEREAS, on February 23, 2017, the Debtor commenced an action in the Court of Common Pleas of Philadelphia County, Pennsylvania against Hugg and Republic (the "Philadelphia County Action");

WHEREAS, the Philadelphia County Action was subsequently removed to this Court as Adversary Case number 17-00187-mdc (the "Debtor's Adversary Action");

WHEREAS, the Debtor and Non-Debtor Defendants believe that they have meritorious defenses to all of the claims asserted in the Trustee-Republic Adversary Actions;

WHEREAS, Republic and Hugg believe that they have meritorious defenses to all of the claims asserted in the Debtor's Adversary Action;

WHEREAS, the Parties have since engaged in extensive negotiations in an effort to resolve all claims that Republic and/or the Trustee possess against the Debtor and Non-Debtor Defendants, and all claims that the Debtor possesses against Republic and Hugg, including

without limitation, all claims asserted in the Trustee-Republic Adversary Actions and the Debtor's Adversary Action (together, the "Adversary Actions");

WHEREAS, the Parties have also filed various motions that are currently pending before the Court;

WHEREAS, as a result of such discussions, and in an effort to avoid unnecessary and protracted litigation, the Parties have now reached an amicable resolution of all claims that Republic and/or the Trustee possesses against the Debtor and/or the Non-Debtor Defendants and all claims the Debtor possesses against Republic and Hugg;

WHEREAS, the Parties have memorialized the terms of their settlement in a settlement agreement (the "Settlement Agreement"), which has been executed by each of the Parties;

WHEREAS, the Parties will seek the Court's approval of the Settlement Agreement and the transactions contemplated therein, pursuant to a motion to be filed by the Parties on or before October 12, 2018 (the "Approval Motion");

WHEREAS, the Approval Motion will be set for hearing on November 7, 2018;

WHEREAS, in order to avoid the cancellation of the Settlement Agreement and the cancellation of the amicable resolution of all claims set forth therein, the Parties desire that all pending motions in the Bankruptcy Case and the Adversary Actions, shall be stayed as provided below.

NOW, THEREFORE, for good and valuable consideration, the Debtor, the Non-Debtor Defendants, the Trustee, Republic Bank and Jonathan Hugg and (sometimes referred to herein as the "Parties"), through their undersigned counsel, stipulate, consent to, and agree as follows:

1.      At the request of the Parties, and in recognition of the Parties' agreement to voluntarily resolve all of the Pending Motions by comprehensive settlement, as set forth in the Settlement Agreement and Approval Motion, disposition of any and all pending motions in the Adversary Actions and any and all pending motions in the Bankruptcy Case, by, between or among any or all of the Parties (the "Pending Motions"), shall be held in abeyance by the Court until the later to occur of: (a) November 10, 2018; or (b) if the Court enters an Order approving the Approval Motion (the "Approval Order"), two days after the date the Approval Order becomes final and non-appealable (the "Abeyance Period").

2.      In the event that Approval Order becomes final and non-appealable, the dispositive provisions of the Settlement Agreement shall govern the resolution of the Adversary Actions and the Pending Motions.

IT IS SO ORDERED.

BY THE COURT

_____
Magdeline D. Coleman

– *CONSENT* –

| GELLERT SCALI BUSENKELL & BROWN, LLC | SCHNADER HARRISON SEGAL & LEWIS LLP |
|---|---|
| */s/ Gary F. Seitz*<br>Gary F. Seitz, Esquire<br>Holly S. Miller, Esquire<br>The Curtis Center<br>601 Walnut Street, Suite 750 West<br>Philadelphia, PA 19106<br>*Attorneys for the Plaintiff* | */s/ Jonathan W. Hugg*<br>Jonathan W. Hugg, Esquire<br>1600 Market Street, Suite 3600<br>Philadelphia, PA 19103<br>*Attorneys for the Republic First Bank* |

| BOCHETTO & LENTZ, P.C.<br><br>*/s/ Albert Belmont*<br>George Bochetto, Esquire<br>Albert Belmont, Esquire<br>1524 Locust Street<br>Philadelphia, PA 19102<br>*Attorneys for Danielle Portnoy, Danielle Portnoy, as custodian for Zachary Portnoy and Samantha Portnoy, Danielle Portnoy, as Trustee of the SamZach Irrevocable Trust, Danielle Portnoy, as co-trustee of the Revocable Deed of Trust of Danielle M. Portnoy, Samantha Portnoy, Samantha Portnoy, as co-trustee of the Revocable Deed of Trust of Danielle M. Portnoy, Altchem Environmental Services, Inc., Zachary Portnoy, Samzach Partners, L.P., Sam-Zachary Partners, LLC, BF Services, L.P.,Maxsys, Inc. and Maxis Construction Group* | BRAVERMAN KASKEY, P.C.<br><br>*/s/ John E. Kaskey*<br>David L. Braverman, Esquire<br>John E. Kaskey, Esquire<br>Joshua B. Kaplan, Esquire<br>1650 Market Street, 56th Floor<br>Philadelphia, PA 19103<br>*Attorneys for Barry Portnoy the Debtor/Defendant and Vorndran Construction, Inc.* |
|---|---|
| Steve Harvey Law LLC<br><br>*/s/ David V. Dzara*<br>Stephen G. Harvey, Esquire<br>David V. Dzara, Esquire<br>1880 John F. Kennedy Blvd.<br>Suite 1715<br>Philadelphia, PA 19103<br>*Attorneys for Jonathan W. Hugg* | |