IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | )<br>)<br>) Chapter 7<br>)<br>) Case No. 14-16081-mdc<br>)<br>) |
| BARRY PORTNOY, | |
| Debtor. | |

## ORDER

Upon consideration of the Motion (the "Motion") filed by Robert H. Holber, Chapter 7 Trustee (the "Trustee) of the bankruptcy estate of Barry Portnoy (the "Debtor") for an Order Authorizing The Trustee to Sell Real Estate Located at 101 Edwards Drive, Churchville, PA 18966 (the "Real Property") Free and Clear of Liens, Claims and Interests Pursuant to Section 363(b) and (f) of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), along with the Certification of Counsel file don behalf of the Trustee, and the Court being satisfied that:

(i)     the sale of the Real Property is necessary and is in the best interest of the Trustee, Debtor, his creditors and his estate;

(ii)    the sale of the Real Property contemplated by the Motion being a sound exercise of the Trustee's business judgment and being in good faith;

(iii)   the sale of the Real Property is the product of good faith, arm's length negotiations between the Trustee and Buyer.

(iv)    and it appearing that notice of the Motion having been given to the Office of the United States Trustee, the Debtor, creditors – including all creditors appearing on the title report for the Real Property - and other notice parties;

(v) and it appearing that no other notice need be given;

(vi) this Court having jurisdiction over the Motion;

(vii) after any proceedings in respect of this matter; and

(viii) sufficient cause appearing therefore, it is hereby:

ORDERED that pursuant to §§ 363(b) and (f) of the Bankruptcy Code, the Trustee is authorized and empowered to sell the Real Property, where is, as is, without representation, warranty, statement or guaranty whether express or implied, free and clear of interests, for due consideration pursuant to the Agreement of Sale, attached to the Motion as Exhibit A; it is further

ORDERED that from the proceeds of the sale of the Real Property, the Trustee is authorized to pay at closing:

    a. all Undisputed Liens described in the Motion encumbering the Real Property as follows:

        a. M&T Bank - $ 490,125.66 (undisputed)

        b. The disputed portion of the M&T Bank claim - default charges ($4862.14) and the escrow/impound overdraft amounts ($50,137.63) - shall be held in escrow by the Trustee pending a final determination of the amount disputed by the Debtor[1];

    b. the Broker Fee;

    c. typical closing costs; and it is further

---

[1] The Debtor has 30 days to either resolve the issues with M&T Bank and file a stipulation to that effect or file a motion to resolve the dispute with M&T Bank. If the Debtor has not filed either a stipulation or motion within 30 days, the Trustee shall pay the disputed portion to M&T Bank.

ORDERED that to the extent that any creditor other than M&T Bank is determined to have a lien on the Real Property, that creditor's interest in proceeds from the sale shall be surcharged 15 percent (15%) pursuant to Section 506(c) of the Bankruptcy Code; and it is further

ORDERED that any lien in favor of the Internal Revenue Service is subordinated pursuant to 11 U.S.C. §724 and shall be treated as a priority unsecured claim; and it is further

ORDERED that the Disputed Liens as described in the Motion are unenforceable and avoided for the reasons set forth in the Motion and shall not be treated as secured; and it is further

ORDERED that Pursuant to Bankruptcy Rules 6004(h), 7062 and 9014 this Order shall be effective and enforceable immediately upon entry, and the Trustee and the Buyer are authorized to close the Sale immediately upon entry of this Sale Order. The stay required under Bankruptcy Rule 6004(h) and is hereby waived.

Dated: Philadelphia, Pennsylvania

February 27, 2019

MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE